IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DEMOCRACY NORTH CAROLINA,             )
THE LEAGUE OF WOMEN VOTERS            )
OF NORTH CAROLINA,                    )
DONNA PERMAR, JOHN P. CLARK,          )
MARGARET B. CATES,                    )
LELIA BENTLEY, REGINA WHITNEY         )
EDWARDS, ROBERT K. PRIDDY II,         )
SUSAN SCHAFFER, and                   )
WALTER HUTCHINS,                      )
                                      )
               Plaintiffs,            )
                                      )
     v.                               )        1:20CV457
                                      )
THE NORTH CAROLINA STATE              )
BOARD OF ELECTIONS,                   )
DAMON CIRCOSTA, in his                )
official capacity as CHAIR            )
OF THE STATE BOARD OF                 )
ELECTIONS, STELLA ANDERSON,           )
in her official capacity as           )
SECRETARY OF THE STATE                )
BOARD OF ELECTIONS,                   )
KEN RAYMOND, in his official          )
capacity as MEMBER OF THE             )
STATE BOARD OF ELECTIONS,             )
JEFF CARMON III, in his               )
official capacity as MEMBER           )
OF THE STATE BOARD OF                 )
ELECTIONS, DAVID C. BLACK,            )
in his official capacity as           )
MEMBER OF THE STATE BOARD             )
OF ELECTIONS, KAREN BRINSON           )
BELL, in her official                 )
capacity as EXECUTIVE                 )
DIRECTOR OF THE STATE BOARD           )
OF ELECTIONS, THE NORTH               )
CAROLINA DEPARTMENT OF                )

| | |
|---|---|
| TRANSPORTATION, J. ERIC BOYETTE, in his official capacity as TRANSPORTATION SECRETARY, THE NORTH CAROLINA DEPARTMENT OF HEALTH AND HUMAN SERVICES, and MANDY COHEN, in her official capacity as SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## ORDER

Philip E. Berger, in his official capacity as President Pro Tempore of the North Carolina Senate, and Timothy K. Moore, in his official capacity as Speaker of the North Carolina House of Representatives, (together, "Proposed Intervenors") move to intervene on behalf of the General Assembly under Federal Rule of Civil Procedure 24. (Doc. 16.) The parties responded, (Docs. 23, 24), and this matter is now ripe for ruling. The court will grant Proposed Intervenors' motion for permissive intervention under Federal Rule of Civil Procedure 24(b).

Rule 24 provides two avenues for intervention: intervention as of right pursuant to Rule 24(a)(2), and permissive intervention pursuant to Rule 24(b). Fed R. Civ. P. 24(a)(2), (b). If intervention as of right is not warranted, a court may still allow an applicant to intervene permissively under Rule 24(b). Id.

Under Rule 24(b), the court may permit anyone who "has a claim or defense that shares with the main action a common question of law or fact" to intervene on timely motion. Fed. R. Civ. P. 24(b)(1)(B). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Where a movant seeks permissive intervention as a defendant, the movant must therefore satisfy three requirements: (1) the motion is timely; (2) the defenses or counterclaims have a question of law or fact in common with the main action; and (3) intervention will not result in undue delay or prejudice to the existing parties. See League of Women Voters of Va. v. Va. State Bd. of Elections, Case No. 6:20-CV-00024, 2020 WL 2090679, at *3 (W.D. Va. Apr. 30, 2020); Carcano v. McCrory, 315 F.R.D. 176, 178 (M.D.N.C. 2016).

The Fourth Circuit has held that "liberal intervention is desirable to dispose of as much of a controversy involving as many apparently concerned persons as is compatible with efficiency and due process." Feller v. Brock, 802 F.2d 722, 729 (4th Cir. 1986) (internal quotation marks omitted); see also Friend v. REMAC Am., Inc., No. 3:12-CV-17, 2014 WL 2440438, at *1 (N.D. W. Va. May 30, 2014) (analyzing motion to intervene "in the context of the Fourth Circuit's policy favoring 'liberal

intervention' and preventing the 'problem of absent interested parties'" (quoting Feller, 802 F.2d at 729)). Further, the decision to grant or deny permissive intervention "lies within the sound discretion of the trial court." Smith v. Pennington, 352 F.3d 884, 892 (4th Cir. 2003) (quoting Hill v. W. Elec. Co., 672 F.2d 381, 386 (4th Cir. 1982)).

The court finds that Proposed Intervenors meet the standards for permissive intervention. First, the court finds that the Proposed Intervenors' motion was timely, which Plaintiffs do not dispute, (see Doc. 24 at 5).[1] Proposed Intervenors filed their motion five days after Plaintiffs filed their motion for preliminary relief, before the original Defendants submitted any filings of their own. See Carcano, 315 F.R.D. at 178 (finding the intervenors' motion timely when it was filed nine days after the plaintiffs filed their motion for preliminary injunction and before the defendants had filed any documents). The first element is thus satisfied.

Second, it is undisputed that Proposed Intervenors' defenses in their proposed answer, (Doc. 16-1 at 33), share common questions of law and fact with the main action in this case; that is, the legality of North Carolina's election laws.

---

[1] Defendants "neither consent nor object" to permissive intervention.

- 4 -

Case 1:20-cv-00457-WO-JLW   Document 26   Filed 06/15/20   Page 4 of 6

See N.C. State Conference of NAACP v. Cooper, 332 F.R.D. 161, 172 (2019) (agreeing that the proposed intervenors' proposed answer included "defenses which present common issues of fact and law").

Finally, the court finds that allowing Proposed Intervenors to intervene will not result in undue delay or prejudice to the parties. The court will require Proposed Intervenors adhere to the briefing schedule set out in the June 10, 2020 Text Order, and will address any issues concerning potential discovery requests in a timely fashion. Further, Proposed Intervenors' defenses largely overlap with the legal and factual issues that are already present in this action, therefore the addition of Proposed Intervenors is not likely to significantly complicate the proceedings or unduly expand the scope of discovery should discovery be necessary.

Because the court is satisfied that permissive intervention is warranted here, the court declines to conduct an analysis under Rule 24(a)(2).

Plaintiffs have requested that the court limit the General Assembly's ability to take discovery. (Doc. 24 at 18–19 n.1.) The court is not aware of any party to this case participating in discovery at the present time, see LR 26.1, but the court

will not impose limits on discovery as to the Intervenors without full consideration of the potential issues.

**IT IS THEREFORE ORDERED** that Proposed Intervenors' Motion to Intervene, (Doc. 16), is **GRANTED**.

**IT IS FURTHER ORDERED** that Proposed Intervenors shall adhere to the briefing schedule as directed by the court on June 10, 2020. (Text Order 06/10/2020.)

This the 15th day of June, 2020.

_____
United States District Judge

- 6 -

Case 1:20-cv-00457-WO-JLW Document 26 Filed 06/15/20 Page 6 of 6