**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| DEMOCRACY NORTH CAROLINA, THE LEAGUE OF WOMEN VOTERS OF NORTH CAROLINA, DONNA PERMAR, JOHN P. CLARK, MARGARET B. CATES, LELIA BENTLEY, REGINA WHITNEY EDWARDS, ROBERT K. PRIDDY II, WALTER HUTCHINS, AND SUSAN SCHAFFER, <br><br>*Plaintiffs,*<br><br>*vs.*<br><br>THE NORTH CAROLINA STATE BOARD OF ELECTIONS; DAMON CIRCOSTA, in his official capacity as CHAIR OF THE STATE BOARD OF ELECTIONS; STELLA ANDERSON, in her official capacity as SECRETARY OF THE STATE BOARD OF ELECTIONS; KEN RAYMOND, in his official capacity as MEMBER OF THE STATE BOARD OF ELECTIONS; JEFF CARMON III, in his official capacity as MEMBER OF THE STATE BOARD OF ELECTIONS; DAVID C. BLACK, in his official capacity as MEMBER OF THE STATE BOARD OF ELECTIONS; KAREN BRINSON BELL, in her official capacity as EXECUTIVE DIRECTOR OF THE STATE BOARD OF ELECTIONS; THE NORTH CAROLINA DEPARTMENT OF TRANSPORTATION; J. ERIC BOYETTE, in his official capacity as TRANSPORTATION SECRETARY; THE NORTH CAROLINA DEPARTMENT OF HEALTH AND HUMAN SERVICES; MANDY COHEN, in her official capacity as SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br>*Defendants,* | Civil Action<br><br>No. 20-cv-457<br><br>**PLAINTIFFS' AMENDED MOTION FOR PRELIMINARY INJUNCTION** |

1

| PHILIP E. BERGER, in his official capacity as PRESIDENT PRO TEMPORE OF THE NORTH CAROLINA SENATE; TIMOTHY K. MOORE, in his official capacity as SPEAKER OF THE NORTH CAROLINA HOUSE OF REPRESENTATIVES, |
|---|
| *Defendant-Intervenors.* |

Plaintiffs Democracy North Carolina ("DemNC") and the League of Women Voters of North Carolina ("LWVNC" and, together with DemNC, the "Organizational Plaintiffs"), as well as Donna Permar, John P. Clark, Margaret B. Cates, Lelia Bentley, Regina Whitney Edwards, Robert K. Priddy II, Walter Hutchins, and Susan Schaffer ("Individual Plaintiffs") (together, with the Organizational Plaintiffs, the "Plaintiffs"), hereby respectfully request, pursuant to Federal Rule of Civil Procedure 65(a)(1), that the Court issue a preliminary injunction preventing Defendants from enforcing the challenged provisions of North Carolina's election code, Chapter 163 of the North Carolina General Statutes, and requiring Defendants to provide additional accommodations to safeguard voters' rights during the November 3, 2020, general election in light of the COVID-19 pandemic.

As set forth in Plaintiffs' First Amended Complaint, ECF No. 8, North Carolina's current law and election

administration impose unconstitutional burdens on the right to vote in violation of the First and Fourteenth Amendments, violate the unconstitutional conditions doctrine, violate Plaintiffs' First Amendment associational rights, violate Plaintiffs' rights to procedural due process, violate Section 208 of the Voting Rights Act, and violate Title II of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. §§ 12131, *et seq.*, and Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. The COVID-19 pandemic presents an unprecedented challenge to the upcoming November 3, 2020, general election. The experience of states that have already conducted their primaries has shown that the pandemic has deterred voters, strained election administrators' finite resources, and ultimately disenfranchised countless citizens. Defendant the State Board of Elections anticipates an unprecedented, ten-fold increase in the use of mail-in absentee ballots relative to the 2016 general election and a drastic shortfall in available poll workers that threatens the operation of polling places. Yet, Defendants remain unprepared to manage that level of absentee mail-in voting or to adapt in-person voting to ensure both safety and equal access. These and other statutory provisions pose a grave

3

Case 1:20-cv-00457-WO-JLW   Document 31   Filed 06/18/20   Page 3 of 10

threat to voters' health and therefore severely burden the most fundamental right of U.S. citizenship, no matter how voters exercise it.

Preliminary injunctive relief is warranted—(1) Plaintiffs are likely to succeed on the merits of their claims; (2) they will likely suffer irreparable harm absent an injunction; (3) the balance of hardships weighs in their favor; and (4) the injunction is in the public interest. *See League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 236 (4th Cir. 2014). Absent relief from this Court, voters will needlessly face great hardship and disenfranchisement in the November 3, 2020, general election.

Accordingly, Plaintiffs request that the Court preliminary enjoin Defendants from administering and enforcing for the November 3, 2020, general election:

i. N.C. Gen. Stat. §§ 163-82.6(d) and 163-82.20(g), (h), imposing 25-day voter registration deadlines;

ii. N.C. Gen. Stat. § 163-230.2(a), requiring requests for absentee ballots be made by a form created by the State Board of Elections;

iii. N.C. Gen. Stat. § 163-230.2(a)(4), (f), to the extent that it limits the proof of residency

4

documents that voters must submit with their absentee ballot request forms to only a North Carolina driver's license number, special identification card number, or the last four digits of his or her Social Security number, and instead allow election officials to accept any proof of residency document acceptable under the Help America Vote Act (HAVA);

iv. N.C. Gen. Stat. §§ 163-226.3(a)(4), 163-226.3(a)(5), 163-226.3(a)(6), 163-230.2(e)(4), 163-231(a), and 163-231(b)(1), imposing restrictions on assistance for absentee ballot request return, absentee ballot marking and completion, and absentee ballot submission;

v. N.C. Gen. Stat. § 163-231(a) as amended by HB 1169, Session Law 2020-17, An Act to Make Various Changes to the Laws Related to Elections and To Appropriate Funds to the State Board of Elections in Response to the Coronavirus Pandemic, imposing the witness certification requirement;

vi. N.C. Gen. Stat. § 163-227.6(c), requiring uniform hours in precincts; and

vii. N.C. Gen. Stat. § 163-42(b) as amended by HB 1169, requiring poll workers to come from the county in which they serve.

Plaintiff further request that the Court preliminarily enjoin Defendants from violating Plaintiffs' constitutional and federal statutory rights with respect to any election in the state for the November 3, 2020, general election.

Plaintiffs further request that the Court issue an order requiring the SBE Defendants to extend the voter registration deadline in N.C. Gen. Stat. §§ 163-82.6(d) and 163-82.20(g), (h), until 5:00 pm on the last Saturday of early voting and the DOT and DHHS Defendants to process voter registrations online and received in their offices up until and including 5:00 pm on the last Saturday of early voting for the November 3, 2020, general election, and further order Defendants to implement measures to ensure eligible North Carolinians are able to vote in the state during the COVID-19 pandemic, including:

    a. Expanding voter registration via online portals available through DHHS services;

    b. Establishing contactless drop boxes for absentee ballots;

6

c. Establishing a mechanism for requesting absentee ballots by phone;

d. Permitting election officials to accept any proof of residency document acceptable under the Help America Vote Act (HAVA) as acceptable forms of identification with absentee ballot requests;

e. Establishing mechanisms to cure deficient absentee ballot requests and absentee ballots;

f. Permitting mail-in absentee voters to cast a downloadable Federal Write-in Absentee Ballot ("FWAB"), if their timely-requested absentee ballot does not arrive in sufficient time to ensure the ballot will be counted;

g. Establishing a more accessible, centralized way in which voters and advocates can monitor precinct consolidation; and

h. Permitting voters who for reason of blindness, disability, or an inability to read or write, require assistance to return an absentee ballot request form, mark and complete an absentee ballot, and/or submit an absentee ballot, to

7

obtain assistance from anyone who is not their employer or union representative.

Plaintiffs further request the Court order Defendants to implement a remedial plan to educate voters regarding their options to register to vote and obtain and cast a ballot.

This Motion is supported by the Memorandum of Law filed June 5, 2020, ECF No. 10, and accompanying declarations, and any additional submissions that may be considered by the Court.

Dated: June 18, 2020.                    Respectfully submitted,

/s/ *Jon Sherman*
Jon Sherman
D.C. Bar No. 998271
Michelle Kanter Cohen
D.C. Bar No. 989164
Cecilia Aguilera
D.C. Bar No. 1617884
FAIR ELECTIONS CENTER
1825 K St. NW, Ste. 450
Washington, D.C. 20006
Telephone: (202) 331-0114
Email:
    jsherman@fairelectionscenter.org
mkantercohen@fairelectionscenter.org
caguilera@fairelectionscenter.org

/s/ *Allison Riggs*
Allison J. Riggs (State Bar #40028)
Jeffrey Loperfido (State Bar #52939)
Southern Coalition for Social Justice
1415 West Highway 54, Suite 101
Durham, NC 27707
Telephone: 919-323-3380
Facsimile: 919-323-3942
Email:
Allison@southerncoalition.org
    jeff@southerncoalition.org

/s/ *George P. Varghese*
George P. Varghese (Pa. Bar No. 94329) Joseph J. Yu (NY Bar No. 4765392)

Stephanie Lin (MA Bar No. 690909)
Rebecca Lee (DC Bar No. 229651)
Richard A. Ingram (DC Bar No. 1657532)
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000
Email:
    george.varghese@wilmerhale.com
joseph.yu@wilmerhale.com
stephanie.lin@wilmerhale.com
rebecca.lee@wilmerhale.com
rick.ingram@wilmerhale.com

9

**CERTIFICATE OF SERVICE**

I certify that on the 18th day of June, 2020, the foregoing AMENDED MOTION FOR PRELIMINARY INJUNCTION was served upon the parties through the Court's ECF system.

*/s/ Allison J. Riggs*
Allison J. Riggs