```
                IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF NORTH CAROLINA


DEMOCRACY NORTH CAROLINA,       )
THE LEAGUE OF WOMEN VOTERS      )
OF NORTH CAROLINA,              )
DONNA PERMAR, JOHN P. CLARK,    )
MARGARET B. CATES,              )
LELIA BENTLEY, REGINA WHITNEY   )
EDWARDS, ROBERT K. PRIDDY II,   )
SUSAN SCHAFFER, and             )
WALTER HUTCHINS,                )
                                )
            Plaintiffs,         )
                                )
    v.                          )         1:20CV457
                                )
THE NORTH CAROLINA STATE        )
BOARD OF ELECTIONS,             )
DAMON CIRCOSTA, in his          )
official capacity as CHAIR      )
OF THE STATE BOARD OF           )
ELECTIONS, STELLA ANDERSON,     )
in her official capacity as     )
SECRETARY OF THE STATE          )
BOARD OF ELECTIONS,             )
KEN RAYMOND, in his official    )
capacity as MEMBER OF THE       )
STATE BOARD OF ELECTIONS,       )
JEFF CARMON III, in his         )
official capacity as MEMBER     )
OF THE STATE BOARD OF           )
ELECTIONS, DAVID C. BLACK,      )
in his official capacity as     )
MEMBER OF THE STATE BOARD       )
OF ELECTIONS, KAREN BRINSON     )
BELL, in her official           )
capacity as EXECUTIVE           )
DIRECTOR OF THE STATE BOARD     )
OF ELECTIONS, THE NORTH         )
CAROLINA DEPARTMENT OF          )
```

```
TRANSPORTATION, J. ERIC            )
BOYETTE, in his official           )
capacity as TRANSPORTATION         )
SECRETARY, THE NORTH               )
CAROLINA DEPARTMENT OF             )
HEALTH AND HUMAN SERVICES,         )
and MANDY COHEN, in her            )
official capacity as               )
SECRETARY OF HEALTH AND            )
HUMAN SERVICES,                    )
                                   )
            Defendants.            )
                                   )
    and                            )
                                   )
PHILIP E. BERGER, in his           )
official capacity as               )
PRESIDENT PRO TEMPORE OF THE       )
NORTH CAROLINA SENATE, and         )
TIMOTHY K. MOORE, in his           )
official capacity as SPEAKER       )
OF THE NORTH CAROLINA HOUSE        )
OF REPRESENTATIVES,                )
                                   )
        Defendant-Intervenors.     )
```

## ORDER

The Republican National Committee ("RNC"), National Republican Senatorial Committee ("NRSC"), National Republican Congressional Committee ("NRCC"), and North Carolina Republican Party ("NCRP") (together, "Proposed Intervenors") move to intervene in this case as defendants under Federal Rule of Civil Procedure 24. (Doc. 32.) The parties have responded, (Docs. 37, 43, 46, 47), and this matter is now ripe for ruling. The court will deny Proposed Intervenors' motion to intervene.

Rule 24 provides two avenues for intervention: intervention as of right pursuant to Rule 24(a)(2), and permissive intervention pursuant to Rule 24(b). Fed R. Civ. P. 24(a)(2), (b). If intervention as of right is not warranted, a court may still allow an applicant to intervene permissively under Rule 24(b). Id.

First, the court finds that Proposed Intervenors may not intervene under Rule 24(a). Rule 24(a) dictates that the court must permit anyone to intervene who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2).

Proposed Intervenors are all organizations representing the Republican party at the national and state levels. Defendant-Intervenors Berger and Moore, in their official capacities as the President Pro Tempore of the North Carolina Senate and the Speaker of the North Carolina House of Representatives, respectively, are both Republicans. At present, the executive and legislative branches of the North Carolina government are represented, and those branches include individuals identified as both Republicans and Democrats. The present parties are more

- 3 -

than capable of representing those interests of all people of the state of North Carolina and protecting the integrity of the voting process.

Furthermore, Proposed Intervenors argue that Defendants and Republican legislators in their official capacities do not share Proposed Intervenors' interest in electing particular candidates. (Doc. 34 at 7.) This court certainly understands that these organizations and the candidates they represent have an interest in the rules applying to this election. However, that interest in "the current lawfully enacted requirements," (id.), is undoubtedly protected by the legislature and other individuals that enacted the rules in the first instance.

This court finds Proposed Intervenors' interest is adequately protected and intervention under Rule 24(a) should be denied.

Second, the court will exercise its discretion in declining to permit Proposed Intervenors under Rule 24(b). Under Rule 24(b), the court may permit anyone who "has a claim or defense that shares with the main action a common question of law or fact" to intervene on timely motion. Fed. R. Civ. P. 24(b)(1)(B). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ.

- 4 -

P. 24(b)(3). Where a movant seeks permissive intervention as a defendant, the movant must therefore satisfy three requirements: (1) the motion is timely; (2) the defenses or counterclaims have a question of law or fact in common with the main action; and (3) intervention will not result in undue delay or prejudice to the existing parties. See League of Women Voters of Va. v. Va. State Bd. of Elections, Case No. 6:20-CV-00024, 2020 WL 2090679, at *3 (W.D. Va. Apr. 30, 2020); Carcano v. McCrory, 315 F.R.D. 176, 178 (M.D.N.C. 2016).

The Fourth Circuit has held that "liberal intervention is desirable to dispose of as much of a controversy involving as many apparently concerned persons as is compatible with efficiency and due process." Feller v. Brock, 802 F.2d 722, 729 (4th Cir. 1986) (internal quotation marks omitted); see also Friend v. REMAC Am., Inc., No. 3:12-CV-17, 2014 WL 2440438, at *1 (N.D. W. Va. May 30, 2014) (analyzing motion to intervene "in the context of the Fourth Circuit's policy favoring 'liberal intervention' and preventing the 'problem of absent interested parties'" (quoting Feller, 802 F.2d at 729)). Further, the decision to grant or deny permissive intervention "lies within the sound discretion of the trial court." Smith v. Pennington, 352 F.3d 884, 892 (4th Cir. 2003) (quoting Hill v. W. Elec. Co., 672 F.2d 381, 386 (4th Cir. 1982)).

- 5 -

The court finds that Proposed Intervenors meet the first two elements for permissive intervention, but acts within its discretion in declining to allow Proposed Intervenors to intervene. First, the court finds that the Proposed Intervenors' motion was timely, given Plaintiffs filed their second amended Complaint the same day as Proposed Intervenors' motion. See Carcano, 315 F.R.D. at 178 (finding the intervenors' motion timely when it was filed nine days after the plaintiffs filed their motion for preliminary injunction and before the defendants had filed any documents). The first element is thus satisfied.

Second, it is undisputed that Proposed Intervenors' defenses in their proposed answer, (Doc. 32-1 at 100-01), arguably share common questions of law and fact with the main action in this case; that is, the legality of North Carolina's election laws. See N.C. State Conference of NAACP v. Cooper, 332 F.R.D. 161, 172 (2019) (agreeing that the proposed intervenors' proposed answer included "defenses which present common issues of fact and law").

Finally, however, the court finds that allowing Proposed Intervenors to intervene will result in undue prejudice on the parties and will result in "accumulating . . . arguments without assisting the court." Allen Calculators, Inc. v. Nat'l Cash

Register Co., 322 U.S. 137, 141-42 (1944). As previously noted, the present parties are capable of representing the interests of all North Carolina citizens. To the extent Proposed Intervenors have concern over the enforcement of the existing laws, those interests will be adequately addressed by the present parties. The right to vote, and the issues raised here, are the same without regard to the type of political race in which those voting rights are exercised. In other words, while Proposed Intervenors' interest in the outcome of elections might be different from that of the present parties, the present parties are more than capable of supporting and defending the voting process in place presently. To add Proposed Intervenors will likely unnecessarily extend fact-finding, discovery, and evidentiary hearings, thereby resulting in inefficiencies and undue delay of the resolution of these matters.

Thus, the court will exercise its discretion in denying Proposed Intervenors' motion. The court finds that Proposed Intervenors' interests in upholding North Carolina's voting laws will be adequately represented by Defendants.

The court will consider, at the appropriate time, whether Proposed Intervenors and any other interested non-parties should be allowed to participate by filing timely amicus curiae briefs consistent with Federal Rule of Civil Procedure 1.

**IT IS THEREFORE ORDERED** that Proposed Intervenors' Motion to Intervene, (Doc. 32), is **DENIED**.

This the 24th day of June, 2020.

/s/ William L. Osteen, Jr.
United States District Judge