IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DEMOCRACY NORTH CAROLINA,            )
THE LEAGUE OF WOMEN VOTERS           )
OF NORTH CAROLINA,                   )
DONNA PERMAR, JOHN P. CLARK,         )
MARGARET B. CATES,                   )
LELIA BENTLEY, REGINA WHITNEY        )
EDWARDS, ROBERT K. PRIDDY II,        )
SUSAN SCHAFFER, and                  )
WALTER HUTCHINS,                     )
                                     )
            Plaintiffs,              )
                                     )
     v.                              )     1:20CV457
                                     )
THE NORTH CAROLINA STATE             )
BOARD OF ELECTIONS,                  )
DAMON CIRCOSTA, in his               )
official capacity as CHAIR           )
OF THE STATE BOARD OF                )
ELECTIONS, STELLA ANDERSON,          )
in her official capacity as          )
SECRETARY OF THE STATE               )
BOARD OF ELECTIONS,                  )
KEN RAYMOND, in his official         )
capacity as MEMBER OF THE            )
STATE BOARD OF ELECTIONS,            )
JEFF CARMON III, in his              )
official capacity as MEMBER          )
OF THE STATE BOARD OF                )
ELECTIONS, DAVID C. BLACK,           )
in his official capacity as          )
MEMBER OF THE STATE BOARD            )
OF ELECTIONS, KAREN BRINSON          )
BELL, in her official                )
capacity as EXECUTIVE                )
DIRECTOR OF THE STATE BOARD          )
OF ELECTIONS, THE NORTH              )
CAROLINA DEPARTMENT OF               )

```
TRANSPORTATION, J. ERIC      )
BOYETTE, in his official     )
capacity as TRANSPORTATION   )
SECRETARY, THE NORTH         )
CAROLINA DEPARTMENT OF       )
HEALTH AND HUMAN SERVICES,   )
and MANDY COHEN, in her      )
official capacity as         )
SECRETARY OF HEALTH AND      )
HUMAN SERVICES,              )
                             )
           Defendants.       )
                             )
     and                     )
                             )
PHILIP E. BERGER, in his     )
official capacity as         )
PRESIDENT PRO TEMPORE OF THE )
NORTH CAROLINA SENATE, and   )
TIMOTHY K. MOORE, in his     )
official capacity as SPEAKER )
OF THE NORTH CAROLINA HOUSE  )
OF REPRESENTATIVES,          )
                             )
       Defendant-Intervenors.)
```

**ORDER**

The Republican National Committee ("RNC"), National Republican Senatorial Committee ("NRSC"), National Republican Congressional Committee ("NRCC"), and North Carolina Republican Party ("NCRP") (together, "Proposed Intervenors") move for this court to reconsider its June 24, 2020 Order, (Doc. 48), denying Proposed Intervenors' motion to intervene, (Doc. 32). (Doc. 52.) Proposed Intervenors have also asked, in the alternative, for
- 2 -

leave to file as amici curiae in opposition to Plaintiffs' amended motion for a preliminary injunction. (Id. at 1.) Plaintiffs and Executive Defendants filed responses in opposition to Proposed Intervenors' motion. (Docs. 55, 57.)

The court will deny Proposed Intervenors' motion to reconsider but will grant their request for leave to file as amici curiae and will consider their attached memorandum.

Courts in the Fourth Circuit have routinely looked to the standards governing the reconsideration of final judgments under Rule 59(e) in considering a motion for reconsideration of an interlocutory order under Rule 54(b). See Volumetrics Med. Imaging, LLC, v. Toshiba Am. Med. Sys., Inc., No. 1:05CV955, 2011 WL 6934696, at *2 (M.D.N.C. Dec. 30, 2011). A motion for reconsideration under Rule 54(b) is "appropriately granted only in narrow circumstances: (1) the discovery of new evidence, (2) an intervening development or change in the controlling law, or (3) the need to correct a clear error or prevent manifest injustice." Pender v. Bank of Am. Corp., No. 3:05-CV-238-MU, 2011 WL 62115, at *1 (W.D.N.C. Jan. 7, 2011). On the other hand, a motion to reconsider is improper where "it only asks the Court to rethink its prior decision, or presents a better or more compelling argument than the party could have presented in the original briefs on the matter." Hinton v. Henderson, No.

3:10cv505, 2011 WL 2142799, at *1 (W.D.N.C. May 31, 2011) (internal citations and quotation marks omitted); see also Directv, Inc. v. Hart, 366 F. Supp. 2d 315, 317 (E.D.N.C. 2004) (holding that a motion to reconsider is not proper when it "merely asks the court to rethink what the Court had already thought through — rightly or wrongly" (internal citations and quotation marks omitted)). For the following reasons, this court finds the motion should be denied.

Proposed Intervenors argue, regarding intervention as-of-right, that this court "misconstrued the Republican Committees' interests in opposing Plaintiffs' motion for a preliminary injunction," and that they instead "seek to preserve North Carolina's voting laws" in order to participate in voter registration, voter education, and get-out-the-vote activities. (Doc. 53 at 5.)[1] However, Proposed Intervenors concede that they raised this argument in their reply brief, (Doc. 47). (Doc. 53 at 5.) The court finds that Proposed Intervenors' interests are, at their center, in preserving North Carolina's voting and election laws, which the court has already found are being adequately represented by Defendants and Defendant-Intervenors.

---

[1] All citations in this Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

- 4 -

(Doc. 48 at 4.) The court therefore finds that Proposed Intervenors "only ask[] the Court to rethink its prior decision, or present[] a better or more compelling argument than the party could have presented in the original briefs on the matter." Hinton, 2011 WL 2142799, at *1. The court will therefore deny Proposed Intervenors' motion to reconsider its holding as to intervention as-of-right.

Further, regarding permissive intervention, Proposed Intervenors again argue, as they did in their original motion to intervene, that they plan to conform to the existing schedule and will not disrupt the case. However, to put it more clearly, the Executive and Legislative Defendants are all defending the current voting laws as Proposed Intervenors seek to do by intervening. This court finds that additional examination of witnesses, cross-examination of witnesses, or the presentation of additional evidence, whether in discovery or a hearing, as could occur if Proposed Intervenors' motion is allowed, would cause unnecessary and undue delay. Proposed Intervenors have identified an interest in the litigation but have not demonstrated an issue or evidence that will not be adequately presented by the existing parties. Duplicative efforts would simply delay the proceedings. The court finds that Proposed Intervenors "merely ask[] the court to rethink what the Court

had already thought through — rightly or wrongly." Directv, Inc., 366 F. Supp. 2d at 317. The court will deny Proposed Intervenors' motion to reconsider the court's holding denying permissive intervention.

Finally, the court will approve Proposed Intervenors' request to participate as amici curiae in this case. Although there is no Federal Rule of Civil Procedure that applies to motions for leave to appear as amicus curiae in a federal district court, Rule 29 of the Federal Rules of Appellate Procedure applies to amicus briefs at the federal appeals level. See Am. Humanist Assoc. v. Md.-Nat'l Capital Park & Planning Comm'n, 303 F.R.D. 266, 269 (D. Md. 2014) (collecting cases). That rule indicates that amici should state "the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. P. 29(a)(3)(B).

Here, Plaintiffs object to Proposed Intervenors' motion, arguing that the arguments in Proposed Intervenors' proposed memorandum mirror those already made by Defendants in their own briefs, and that approving Proposed Intervenors' request will further burden Plaintiffs' workload. (Doc. 55 at 10–11.) Executive Defendants object to Proposed Intervenors' motion, asserting they "offer no change in controlling law or newly

discovered evidence to support reconsideration of the denial of their Motion to Intervene." (Doc. 57 at 4.)

The court finds Proposed Intervenors "have demonstrated a special interest in the outcome of the suit," Am. Humanist Assoc., 303 F.R.D. at 269, that the matters discussed in the brief are relevant to the case's disposition, and that the motion is timely. Accordingly, Proposed Intervenors will be permitted to participate as amici curiae, and the court will consider the proposed memorandum.

**IT IS THEREFORE ORDERED** that Proposed Intervenors' Motion for Reconsideration, (Doc. 52), is **DENIED** with regard to the motion to reconsider and **GRANTED** with regard to the request for leave to file amici curiae brief.

This the 30th day of June, 2020.

/s/ William L. Osteen, Jr.
United States District Judge