IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
DEMOCRACY NORTH CAROLINA,         )
THE LEAGUE OF WOMEN VOTERS        )
OF NORTH CAROLINA,                )
DONNA PERMAR, JOHN P. CLARK,      )
MARGARET B. CATES,                )
LELIA BENTLEY, REGINA WHITNEY     )
EDWARDS, ROBERT K. PRIDDY II,     )
SUSAN SCHAFFER, and               )
WALTER HUTCHINS,                  )
                                  )
              Plaintiffs,         )
                                  )
     v.                           )        1:20CV457
                                  )
THE NORTH CAROLINA STATE          )
BOARD OF ELECTIONS,               )
DAMON CIRCOSTA, in his            )
official capacity as CHAIR        )
OF THE STATE BOARD OF             )
ELECTIONS, STELLA ANDERSON,       )
in her official capacity as       )
SECRETARY OF THE STATE            )
BOARD OF ELECTIONS,               )
KEN RAYMOND, in his official      )
capacity as MEMBER OF THE         )
STATE BOARD OF ELECTIONS,         )
JEFF CARMON III, in his           )
official capacity as MEMBER       )
OF THE STATE BOARD OF             )
ELECTIONS, DAVID C. BLACK,        )
in his official capacity as       )
MEMBER OF THE STATE BOARD         )
OF ELECTIONS, KAREN BRINSON       )
BELL, in her official             )
capacity as EXECUTIVE             )
DIRECTOR OF THE STATE BOARD       )
OF ELECTIONS, THE NORTH           )
CAROLINA DEPARTMENT OF            )
```

TRANSPORTATION, J. ERIC           )
BOYETTE, in his official          )
capacity as TRANSPORTATION        )
SECRETARY, THE NORTH              )
CAROLINA DEPARTMENT OF            )
HEALTH AND HUMAN SERVICES,        )
and MANDY COHEN, in her           )
official capacity as              )
SECRETARY OF HEALTH AND           )
HUMAN SERVICES,                   )
                                  )
            Defendants.           )
                                  )
     and                          )
                                  )
PHILIP E. BERGER, in his          )
official capacity as              )
PRESIDENT PRO TEMPORE OF THE      )
NORTH CAROLINA SENATE, and        )
TIMOTHY K. MOORE, in his          )
official capacity as SPEAKER      )
OF THE NORTH CAROLINA HOUSE       )
OF REPRESENTATIVES,               )
                                  )
        Defendant-Intervenors.    )

## ORDER

Pending before this court are three motions. Plaintiffs' Amended Motion for Preliminary Injunction, (Doc. 31), was filed June 18, 2020, and ripe for ruling as of July 3, 2020, when Plaintiffs filed their Reply, (Doc. 74). The parties have requested an expedited hearing and ruling on that motion. (See Doc. 9 at 7, Doc. 79 at 2.) Prior to completion of the briefing,

this court scheduled a hearing on the motion for preliminary injunction for July 9, 2020. (See Docket Entry 07/01/2020.)

Defendant-Intervenors Philip E. Berger and Timothy K. Moore ("Legislative Defendants") have filed two related motions. The first motion requests leave to take depositions prior to a hearing on Plaintiffs' motion for preliminary injunction. (Doc. 49.) In the second motion, Legislative Defendants have moved to strike affidavits filed with Plaintiffs' reply brief or, alternatively, to be granted leave to depose the declarants or for leave to file a surreply. (Doc. 77.) Those motions are presently pending. This court tentatively believed the first motion, (Doc. 49), was likely moot following a conference during which the motion for preliminary injunction was set for oral argument only, however, in light of subsequent events, the court finds that motion is not moot.

The court finds a resolution of those two motions filed by Legislative Defendants is necessary prior to a hearing on the motion for preliminary injunction, whether that hearing is an evidentiary hearing or only oral argument. An oral argument will not aid the court if there is uncertainty as to whether discovery should be permitted before a ruling or uncertainty as to which facts can and should be considered by the court. The court therefore finds the presently scheduled argument on the

- 3 -

motion for preliminary injunction should be continued and rescheduled to a date to be determined.

On July 9, 2020, the court will hear oral argument on Legislative Defendants' Motion for Leave to Take Depositions in Advance of the Preliminary Injunction Hearing and for Expedited Resolution of this Motion under L.R. 37.1(b), (Doc. 49). (Text Order 07/08/2020.) Plaintiffs have responded in opposition to this motion, (Doc. 61), and no further pleadings will be permitted. The court will also hear oral argument on Legislative Defendants' Motion to Strike Plaintiffs' July 2nd Declarations, (Doc. 77), during the July 9 hearing. Plaintiffs and Executive Defendants have responded to that motion, (Docs. 79, 80), and no further pleadings will be permitted. Local Rule 7.2 requires that briefs contain "[t]he argument, which shall refer to all statutes, rules and authorities relied upon." LR 7.2(a)(4). This court assumes the parties have complied with that rule and no further authorities will be accepted at the hearing unless provided to opposing counsel by 7:00 p.m. on today's date.

This court is hopeful it will be able to present a ruling on these two motions at the conclusion of the hearing, or at least provide the parties with guidance as to how the court chooses to proceed with respect to the pending motion for a preliminary injunction. In addition to the issues outlined

- 4 -

above, the parties should also be prepared to address the following issues:

1. A new date for the preliminary injunction hearing; and

2. Remedies as may be applicable and available.

To assist the parties in planning, the court advises the parties that it has a number of dates available for a hearing over the next two weeks and anticipates any delay from this continuance should be relatively short.

**IT IS SO ORDERED.**

This the 8th day of July, 2020.

/s/ William L. Osteen, Jr.
United States District Judge