# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DEMOCRACY NORTH CAROLINA, THE LEAGUE OF WOMEN VOTERS OF NORTH CAROLINA, DONNA PERMAR, JOHN P. CLARK, MARGARET B. CATES, LELIA BENTLEY, REGINA WHITNEY EDWARDS, ROBERT K. PRIDDY II, WALTER HUTCHINS, AND SUSAN SCHAFFER,<br><br>*Plaintiffs,*<br><br>*vs.*<br><br>THE NORTH CAROLINA STATE BOARD OF ELECTIONS; DAMON CIRCOSTA, in his official capacity as CHAIR OF THE STATE BOARD OF ELECTIONS; STELLA ANDERSON, in her official capacity as SECRETARY OF THE STATE BOARD OF ELECTIONS; KEN RAYMOND, in his official capacity as MEMBER OF THE STATE BOARD OF ELECTIONS; JEFF CARMON III, in his official capacity as MEMBER OF THE STATE BOARD OF ELECTIONS; DAVID C. BLACK, in his official capacity as MEMBER OF THE STATE BOARD OF ELECTIONS; KAREN BRINSON BELL, in her official capacity as EXECUTIVE DIRECTOR OF THE STATE BOARD OF ELECTIONS; THE NORTH CAROLINA DEPARTMENT OF TRANSPORTATION; J. ERIC BOYETTE, in his official capacity as TRANSPORTATION SECRETARY; THE NORTH CAROLINA DEPARTMENT OF HEALTH AND HUMAN SERVICES; MANDY COHEN, in her official capacity as SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>*Defendants*, | Civil Action No. 20-cv-457<br><br>**MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT AND MEMORANDUM IN SUPPORT OF SAME** |

1

| |
|---|
| PHILIP E. BERGER, in his official capacity as PRESIDENT PRO TEMPORE OF THE NORTH CAROLINA SENATE; TIMOTHY K. MOORE, in his official capacity as SPEAKER OF THE NORTH CAROLINA HOUSE OF REPRESENTATIVES, <br><br> *Defendant-Intervenors.* |

Pursuant to Federal Rule of Civil Procedure 15, Plaintiffs Democracy North Carolina, the League of Women Voters of North Carolina, Donna Permar, John P. Clark, Margaret B. Cates, Lelia Bentley, Regina Whitney Edwards, Robert K. Priddy II, Walter Hutchins, and Susan Schaffer hereby file this Motion for Leave to File a Third Amended Complaint. In support of this motion, Plaintiffs state as follows:

Procedural and Factual Background

1. Plaintiffs filed the Complaint in this matter on May 22, 2020 alleging State Defendants' enforcement of certain restrictions in North Carolina's election code and failure to provide other accommodations during the COVID-19 pandemic present violations of the First and Fourteenth Amendments as well as various federal laws. ECF No. 1.

2. Plaintiffs thereafter filed an Amended Complaint, ECF No. 8, and Motion for Preliminary Injunction and Consent Request to Expedite Briefing/Consideration of same, ECF No. 9, on June 5, 2020.

3. Defendant-Intervenors filed a Motion to Intervene on June 10, 2020, ECF No. 16, which was granted by the Court on June 12, 2020. 6/12/2020 TEXT ORDER.

4. On June 18, 2020, Plaintiffs filed a Consent Motion to Amend the Complaint and Motion for Preliminary Injunction, and to Extend Briefing Schedule and Word Limit. ECF No. 27. The primary purpose of leave to amend was to update the complaint following the June 12, 2020 passage of HB 1169, Session Law 2020-17, which changed the election laws of North Carolina for the 2020 general election. The Court granted Plaintiffs' motion on June 18, 2020, ECF No. 29, and Plaintiffs filed the Second Amended Complaint, ECF No. 30, as well as an Amended Motion for Preliminary Injunction, ECF No. 31, on the same day.

5. On July 2, 2020, Defendant-Intervenors filed a motion to dismiss the Second Amended Complaint. ECF No. 71. The same day, the Court granted a motion by the State

3

Case 1:20-cv-00457-WO-JLW   Document 120   Filed 07/30/20   Page 3 of 18

Defendants to extend the time to respond to the Second Amended Complaint until June 16, 2020. ECF No. 69.

6. On July 17, 2020, Defendant Karen Brinson Bell issued an Emergency Order pursuant to N.C. Gen. Stat. § 163-27.1 and 08 NCAC 01.0106 that altered through November 4, 2020, some of the requirements relevant to the challenged provisions in the Second Amended Complaint. Specifically, the Emergency Order orders county boards of elections to, *inter alia*, (*i*) open each one-stop early vote site in their county for a minimum of ten hours total for each of the first and second weekends of the 17-day early voting period, excluding county-board office or in-lieu of sites for those counties with more than one early voting site; (*ii*) open at least one one-stop early voting site per 20,000 registered voters in the county, with the option to apply for a waiver under certain circumstances; and (*iii*) provide certain personal protective equipment to poll workers and voters. The Emergency Order also permits county boards of elections to open early voting sites earlier than 8:00am and/or stay open later than 7:30pm, provided that all sites other than the county-

4

board office or in-lieu-of site are open at the same time, and provides for a "centralized location on [the State Board's] website for precinct-consolidation information throughout the voting period." ECF No. 101-1. The Emergency Order will remain in effect through 11:59pm on November 4, 2020.

7. On July 17, 2020, the Court granted the State Defendants' second motion to extend the time to answer or otherwise respond to the Second Amended Complaint, extending the deadline for the State Defendants' response to July 30, 2020. ECF No. 98.

8. On July 20, 2020, the Court granted Plaintiffs' consent motion to extend the time to respond to Defendant-Intervenors' Motion to Dismiss until August 6, 2020. ECF No. 103.

9. On July 20, 21, and 22, 2020, the Court held an evidentiary hearing and heard oral argument on Plaintiffs' Amended Motion for Preliminary Injunction.

10. Plaintiffs' counsel sought consent to this motion from counsel for State Defendants and Defendant-Intervenors on the instant Motion on July 29, 2020. Defendants have consented to the filing of a Third

5

Amended Complaint in exchange for Plaintiffs' agreement that the time for State Defendants to respond to the Third Amended Complaint be extended to 30 days, as requested below. Defendant-Intervenors do not consent to the motion for leave to file a Third Amended Complaint.

11. The State Defendants filed a Motion to Dismiss the Second Amended Complaint shortly before the filing of this Motion. ECF Nos. 118, 119.

## Argument

12. Federal Rule of Civil Procedure 15(a)(2) provides that, after a party has amended its pleadings as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and that "[t]he court should freely give leave when justice so requires."

13. Though trial of course has not been held in this matter, the Federal Rules of Civil Procedure contemplate amendments to the pleadings even during and after trial. *See* Fed. R. Civ. P. 15(b).

14. In the Fourth Circuit, "[m]otions for leave to amend should generally be granted in light of 'this Circuit's

6

policy to liberally allow amendment.'" *Adbul-Mumit v. Alexandria Hyundai, LLC*, 896 F.3d 278, 293 (4th Cir. 2018) (quoting *Galustian v. Peter*, 591 F.3d 724, 729 (4th Cir. 2010)); *see also Miller v. Md. Dep't of Nat. Res.*, No. 18-2253, 2020 U.S. App. LEXIS 18605, at *26 (4th Cir. Jun. 12, 2020) (holding district court abused its discretion in denying leave to amend). "[L]eave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F. 3d 231, 242 (4th Cir. 1999) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986)) (emphasis in original). "[M]ere delay in moving to amend is 'not sufficient reason to deny leave to amend,' it is only when 'the delay is accompanied by prejudice, bad faith, or futility.'" *Island Creek Coal Co. v. Lake Shore, Inc.*, 832 F.2d 274, 279 (4th Cir. 1987) (citing *Oroweat Foods Co.*, 785 F.2d at 509-10). Finally, while the decision to grant a party leave to amend a pleading is within the sound discretion of the trial court, that discretion is

7

limited by the general policy favoring the resolution of cases on the merits. *Island Creek Coal Co.*, 832 F.2d at 279.

15. Plaintiffs are requesting leave to amend the Complaint to make the following amendments:

    a. To withdraw Walt Hutchins' claims regarding absentee ballot request forms, for the reasons set forth in the Notice of Withdrawal, ECF No. 87, and further explained during the July 9, 2020 status hearing;

    b. To add allegations regarding the July 17, 2020 Emergency Order and its impact on the uniform hours requirement and other relief requested;

    c. To clarify allegations as to HB 1169's impact on the witness requirement in light of the Representative Ballot Return Envelope filed by the State Defendants on July 27, 2020, ECF No. 115-2;

    d. To conform the allegations as to the impact of the challenged restrictions to the Organizational Plaintiffs and their core missions to those set forth in the declarations submitted in support of

8

the plaintiffs' Amended Motion for Preliminary Injunction, ECF Nos. 11-1, 11-2, 73-1, 73-2;

e. To provide other clarifications for consistency, including to (*i*) clarify inadvertent references to precinct consolidation that were intended to refer to early voting site reductions; (*ii*) clarify that the claims in Counts V through VIII are intended to apply to all elections during the pandemic, and (*iii*) amend the prayer for relief to make consistent with the claims set forth in the complaint.

16. The proposed Third Amended Complaint also includes other incidental changes made necessary for accuracy as of the time of filing of this amendment by the time lapse since the Second Amended Complaint was filed, such as updates to COVID transmission statistics and Plaintiffs' social distancing and self-quarantine practices.

17. A proposed Third Amended Complaint and redline to the Second Amended Complaint are appended to this Motion as Exhibits 1 and 2 respectively.

18. Plaintiffs are requesting leave to amend in good faith, and the requested amendments would neither be prejudicial to Defendants nor futile. None of the proposed amendments fall into the "common example of a prejudicial amendment" by raising new legal theories or requiring other parties to gather and analyze new facts shortly before or during a trial. *See City of Charleston v. Hotels.com, LP*, 487 F. Supp. 2d 676, 681 (D.S.C. 2007) (granting leave to amend to add a new claim based on facts alleged and citing *Oroweat Foods Co.,* 785 F.2d at 510). Specifically:

   a. The amendments removing Plaintiff Hutchins' claims with respect to the absentee ballot request forms were previously disclosed to the Court and the Defendants promptly after Plaintiffs' counsel were made aware of the need of amendments in the Notice of Withdrawal, ECF No. 87, on July 8, 2020, and the amendment of the Complaint serves to provide consistency on this point and narrow the issues in the operative complaint accordingly.

   b. The proposed amendments regarding the July 17, 2020 Emergency Order involve changes to North

10

Carolina's election administration that have occurred since the Second Amended Complaint was filed on June 18, 2020, and will further the disposition of this matter on the merits by refining the scope of the claims to the current status of North Carolina's election administration, guiding a more precise discovery process.

c. The proposed amendments relating to HB 1169's impact on the witness requirement are sought to make the allegations in the complaint more accurately reflect voting-by-mail in light of the Representative Ballot Return Envelope filed by the State Defendants, ECF No. 115-2, and thus further the resolution of the matter on the merits;

d. The proposed amendments regarding the harm to the Organizational Plaintiffs were previously disclosed to the Defendants in the declarations filed on June 5, 2020 and July 2, 2020 in support of Plaintiffs' Amended Motion for Preliminary Injunction and will serve to conform the Complaint to the facts in the declarations and inform the

11

Court's decision on the challenges to the Organizational Plaintiffs' standing. Furthermore, Defendant-Intervenors have previously argued that the facts set forth in the Organizational Plaintiffs' reply declarations include facts already included in the first declarations, *see* ECF No. 78 at 9-10, and thus include facts disclosed on June 5, 2020. Accordingly, the amendments are not prejudicial to Defendants insomuch as they are based on information previously disclosed and briefed by the parties during the preliminary injunction stage. Finally, allowing the amendments as to standing will further the general policy in this Circuit of favoring the resolution of cases on the merits, *see Island Creek Coal Co.*, 832 F.2d at 279, and courts in this Circuit have routinely granted leave to amend where plaintiffs seek to add allegations regarding standing. *See, e.g., Judson v. Bd. of Supervisors*, No. 4:18cv121, 2019 U.S. Dist. LEXIS 104381, at *26-27 (E.D. Va. June 20, 2019); *Morris v. Gen. Info. Servs.*, No. 3:17cv195,

2018 U.S. Dist. LEXIS 164671, at *19 (E.D. Va. Sept. 25, 2018); *Vista-Graphics, Inc. v. Va. DOT*, No. 2:15cv363, 2015 U.S. Dist. LEXIS 187802, at *5-6 (E.D. Va. Oct. 21, 2015); *AdvanFort Co. v. Int'l Registries, Inc.*, No. 1:15-cv-220, 2015 U.S. Dist. LEXIS 90912, at *27 (E.D. Va. July 13, 2015); *see also Nat'l Post Office Mail Handlers v. U.S. Postal Service*, 594 F.2d 988, 991 (4th Cir. 1979) (holding that the "amendment to allege standing explicitly should be permitted and on remand the district court shall grant leave to amend"); *W. Va. Highlands Conservancy v. Monongahela Power Co.*, No. 1:11cv71, 2012 U.S. Dist. LEXIS 744, at *6 (N.D.W. Va. Jan. 3, 2012) (noting the court granted leave to amend following requested briefing on whether the original complaint had adequately pled the plaintiffs' organizational standing).

e. The other clarifications for consistency similarly further the resolution of this case on the merits as these clarifications do not represent significant changes to the claims, alleged facts,

13

or legal arguments already advanced by Plaintiffs in the Second Amended Complaint and in the Amended Motion for Preliminary Injunction. Rather, they serve to make more accurate and precise the allegations, claims, and requests for relief sought by Plaintiffs, therefore advancing disposition of this matter on the merits.

19. Plaintiffs have sought this amendment without undue delay and while the case remains in its early stages. Specifically, Plaintiffs have sought this amendment within hours after the State Defendants filed their motion to dismiss, one week before the deadline to respond to the Defendant-Intervenors' Motion to Dismiss, and before any discovery in preparation for a final trial on the merits has begun. *See SNS Hospitality, LLC v. CIS Assocs., LLC*, No. 3:09-cv-189-MR-DCK, 2009 WL 2424089 (W.D.N.C. Aug. 3, 2009) (granting motion for leave to amend after finding the case "is in its early stages" and noting that "two motions to dismiss are currently pending").

20. Accordingly, justice requires that Plaintiffs be granted leave to amend the complaint as requested

14

above, and respectfully request leave to file the proposed Third Amended Complaint. Plaintiffs further request that, pursuant to the consent granted by the State Defendant as noted above, the Court extend the State Defendants' time to respond to the Third Amended Complaint to 30 days after the Third Amended Complaint's filing.

Dated: July 30, 2020

Respectfully submitted,

/s/ *Jon Sherman*
Jon Sherman
D.C. Bar No. 998271
Michelle Kanter Cohen
D.C. Bar No. 989164
Cecilia Aguilera
D.C. Bar No. 1617884
FAIR ELECTIONS CENTER
1825 K St. NW, Ste. 450
Washington, D.C. 20006
Telephone: (202) 331-0114
Email:
    jsherman@fairelectionscenter.org
mkantercohen@fairelectionscenter.org
caguilera@fairelectionscenter.org

/s/ *Hilary Harris Klein*
Allison J. Riggs (State Bar #40028)
Jeffrey Loperfido (State Bar #52939)
Hilary Harris Klein (State Bar #53711)
Southern Coalition for Social Justice
1415 West Highway 54, Suite 101
Durham, NC 27707
Telephone: 919-323-3380
Facsimile: 919-323-3942
Email:
Allison@southerncoalition.org
jeff@southerncoalition.org
hilaryhklein@scsj.org

/s/ *George P. Varghese*
George P. Varghese (Pa. Bar No. 94329) Joseph J. Yu (NY Bar No. 4765392)
Stephanie Lin (MA Bar No. 690909)
Rebecca Lee (DC Bar No. 229651)

Richard A. Ingram (DC Bar No. 1657532)
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000
Facsimile: (617) 526-5000
Email:
george.varghese@wilmerhale.com
joseph.yu@wilmerhale.com
stephanie.lin@wilmerhale.com
rebecca.lee@wilmerhale.com
rick.ingram@wilmerhale.com

**CERTIFICATE OF WORD COUNT**

Pursuant to Local Rule 7.3(d)(1), the undersigned counsel hereby certified that the foregoing MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT contains 2,233 words (including headings and footnotes) as measured by Microsoft Word.

/s/ *Hilary Harris Klein*
Hilary Harris Klein

17

**CERTIFICATE OF SERVICE**

I certify that on the 30th day of July, 2020, the foregoing CONSENT MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT was served upon the parties through the Court's ECF system.

*/s/ Hilary Harris Klein*
Hilary Harris Klein