UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DEMOCRACY NORTH CAROLINA, *et al.*, <br><br> *Plaintiffs*, <br> v. <br><br> THE NORTH CAROLINA STATE BOARD OF ELECTIONS, *et al.*, <br><br> *Defendants*, <br><br> and <br><br> PHILIP E. BERGER, in his official capacity as President Pro Tempore of the North Carolina Senate, *et al.*, <br><br> *Defendant-Intervenors*. | Civil Action No. 20-cv-00457 <br><br> **MOTION FOR RECONSIDERATION AND MEMORANDUM IN SUPPORT OF SAME** |

Pursuant to Federal Rule of Civil Procedure 54(b), Defendant-Intervenors Philip E. Berger, in his official capacity as President Pro Tempore of the North Carolina Senate, and Timothy K. Moore, in his official capacity as Speaker of the North Carolina House of Representatives ("Legislative Defendants"), hereby file this Motion for Reconsideration. In support of this motion, Legislative Defendants state as follows:

**Procedural and Factual Background**

1. On August 4, 2020, this Court entered an order denying in part and granting in part Plaintiffs' amended motion for a preliminary injunction. *See* Mem. Op. and Order, Doc. 124 (Aug. 5, 2020) ("Op. and Order").

1

2. The Court granted Plaintiffs' motion for a preliminary injunction with respect to their procedural due process claims challenging the lack of a uniform cure process for absentee ballots with a material error that is subject to remediation.

3. Plaintiffs challenged the lack of a cure process under both a 14th Amendment right-to-vote theory and a procedural due process theory. In evaluating Plaintiffs' Article III standing, the Court "consider[ed] the standing for these claims together" because "the same conduct underlies both" of them. Op. and Order at 44. The Court concluded that the Organizational Plaintiffs have Article III standing to assert these claims, and it therefore did not address Individual Plaintiffs' standing. *See id.* at 48.

4. In addition to challenging Plaintiffs' Article III standing to assert these claims, Legislative Defendants also challenged Organizational Plaintiffs' prudential standing. *See* Legislative Defs.' Resp. in Opp'n to Pls.' Am. Mot. for Prelim. Inj., Doc. 51 at 13-15, 49-50 (June 26, 2020)("Opp'n to Prelim. Inj.").

5. The Court held that Organizational Plaintiffs "may not assert third-party standing on behalf of unnamed voters in North Carolina with regard to Plaintiffs' Fourteenth Amendment *right-to-vote* claim," Op. and Order at 57 (emphasis added), but it did

not address Organizational Plaintiffs' prudential standing to assert Plaintiffs' procedural due process claims.

**Argument**

6. The Court correctly found that Organizational Plaintiffs lack third-party standing for Plaintiffs' Fourteenth Amendment right-to-vote claims, and the Court's reasoning applies equally to Plaintiffs' procedural due process claims.

7. As the Court recognized, "Organizational Plaintiffs simply do not put forth evidence to allow the court to find that they enjoy a 'close relationship' with the voters they assist comparable to the paradigmatic close relationships that other courts have traditionally found as an adequate basis for third-party standing." Op. and Order at 57. Nor do Organizational Plaintiffs demonstrate "any hindrance to any third-party's ability to protect his or her own interests." *Id*. For these reasons the Court properly concluded that "Organizational Plaintiffs may not assert third-party standing on behalf of unnamed voters in North Carolina with regard to Plaintiffs' Fourteenth Amendment right-to-vote claims." *Id*.

8. The same reasoning applies to Plaintiffs' procedural due process claims. Indeed, when analyzing Article III standing with respect to the lack of an absentee ballot cure process, the Court "consider[ed] the standing for" both the right-to-vote and

3

procedural due process "claims together," because "the same conduct underlies both" claims. Op. and Order at 44. If Organizational Plaintiffs do not have prudential standing to bring a right-to-vote claim, they also do not have prudential standing to bring a procedural due process claim based on the same underlying activity. *See* Opp'n to Prelim. Inj. at 49-50.

9.  For these reasons, Legislative Defendants ask the Court to reconsider its preliminary injunction ruling to find that Organizational Defendants lack prudential standing to assert Plaintiffs' procedural due process claims.

10. To the extent the Court grants this motion, it will need to determine whether Individual Plaintiffs have standing to assert the procedural due process claims. For the reasons we have explained in our briefing, *see* Opp'n to Prelim. Inj. at 49, they do not.

## Conclusion

For the foregoing reasons, Legislative Defendants' motion for reconsideration should be granted.

Dated: August 5, 2020                Respectfully submitted,

/s/ Nicole J. Moss                   /s/ David H. Thompson
COOPER & KIRK, PLLC                  COOPER & KIRK, PLLC
Nicole J. Moss (State Bar No.        David H. Thompson
31958)                               Peter A. Patterson
1523 New Hampshire Avenue, NW        Steven J. Lindsay*
Washington, D.C. 20036               1523 New Hampshire Avenue, NW
(202) 220-9600                       Washington, D.C. 20036
nmoss@cooperkirk.com                 (202) 220-9600

4

| | |
|---|---|
| *Local Civil Rule 83.1 Counsel for Proposed Intervenors* | dthompson@cooperkirk.com<br>*\*Notice of Appearance forthcoming*<br>*Counsel for Proposed Intervenors* |

**CERTIFICATE OF WORD COUNT**

Pursuant to Local Rule 7.3(d)(1), the undersigned counsel hereby certifies that the foregoing Motion for Reconsideration and Memorandum In Support Of Same, including body, headings, and footnotes, contains 631 words as measured by Microsoft Word.

/s/ Nicole J. Moss
Nicole J. Moss

**CERTIFICATE OF SERVICE**

The undersigned counsel hereby certifies that, on August 5, 2020, I electronically filed the foregoing Motion for Reconsideration with the Clerk of the Court using the CM/ECF system.

<pre>                                    /s/ Nicole J. Moss
                                    Nicole J. Moss</pre>

6

Case 1:20-cv-00457-WO-JLW   Document 125   Filed 08/05/20   Page 7 of 7