| | |
|---|---|
| DEMOCRACY NORTH CAROLINA, THE LEAGUE OF WOMEN VOTERS OF NORTH CAROLINA, DONNA PERMAR, JOHN P. CLARK, MARGARET B. CATES, LELIA BENTLEY, REGINA WHITNEY EDWARDS, ROBERT K. PRIDDY II, WALTER HUTCHINS, AND SUSAN SCHAFFER,<br><br>*Plaintiffs,*<br><br>*vs.*<br><br>THE NORTH CAROLINA STATE BOARD OF ELECTIONS; DAMON CIRCOSTA, in his official capacity as CHAIR OF THE STATE BOARD OF ELECTIONS; STELLA ANDERSON, in her official capacity as SECRETARY OF THE STATE BOARD OF ELECTIONS; KEN RAYMOND, in his official capacity as MEMBER OF THE STATE BOARD OF ELECTIONS; JEFF CARMON III, in his official capacity as MEMBER OF THE STATE BOARD OF ELECTIONS; DAVID C. BLACK, in his official capacity as MEMBER OF THE STATE BOARD OF ELECTIONS; KAREN BRINSON BELL, in her official capacity as EXECUTIVE DIRECTOR OF THE STATE BOARD OF ELECTIONS; THE NORTH CAROLINA DEPARTMENT OF TRANSPORTATION; J. ERIC BOYETTE, in his official capacity as TRANSPORTATION SECRETARY; THE NORTH CAROLINA DEPARTMENT OF HEALTH AND HUMAN SERVICES; MANDY COHEN, in her official capacity as SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>*Defendants,* | Civil Action No. 20-cv-457<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT-INTERVENORS' MOTION TO RECONSIDER** |

1

PHILIP E. BERGER, in his official capacity as PRESIDENT PRO TEMPORE OF THE NORTH CAROLINA SENATE; TIMOTHY K. MOORE, in his official capacity as SPEAKER OF THE NORTH CAROLINA HOUSE OF REPRESENTATIVES,

     *Defendant-Intervenors.*

On August 4, 2020, this Court entered an order granting in part and denying in part Plaintiffs' Amended Motion for a Preliminary Injunction. Doc. 124 ("Order"). As relevant here, the Court held that Democracy North Carolina and the League of Women Voters of North Carolina (hereinafter, "Organizational Plaintiffs") had organizational standing to press their procedural due process claim. *Id.* at 48. On August 5, 2020, Defendant-Intervenors moved to reconsider the Order under Federal Rule of Civil Procedure 54(b). Doc. 125. Defendant-Intervenors ask the Court to reverse entirely in its finding that Organizational Plaintiffs have standing as to their procedural due process claim, contending such a reversal is necessary because the Court elsewhere found that Organizational Plaintiffs lacked prudential standing. *Id.*

The motion for reconsideration should be denied for three reasons. First, the motion is not proper under Rule 54(b).

Second, Defendant-Intervenors' arguments conflate the Court's finding that Organizational Plaintiffs lack prudential standing as to the right-to-vote claims with the Court's separate finding that they have organizational standing as to the due process claim. Third, even if Organizational Plaintiffs did not have standing to pursue their due process claim (which they do), the Individual Plaintiffs have standing for these claims and thus the Order should remain in place.

**ARGUMENT**

## I. Defendant-Intervenors' Motion is Not Proper Under Rule 54(b).

Federal Rule of Civil Procedure 54(b) authorizes the Court to "reconsider and modify its interlocutory judgments . . . at any time prior to final judgment when such is warranted." *U.S. Tobacco Coop. Inc. v. Big South Wholesale of Va., LLC*, 899 F.3d 236, 256 (4th Cir. 2018) (quoting *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003)). *See also* Fed. R. Civ. P. 54(b). "Said power is committed to the discretion of the district court." *Am. Canoe Ass'n*, 326 F.3d at 515 (citing *Moses. H. Cone Mem. Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 (1983)).

District courts in the Fourth Circuit have reviewed a motion to reconsider an interlocutory order using the Rule 59(e) framework. *See Fleetwood Transp. Corp. v. Packaging Corp. of Am.*, 2011 U.S. Dist. LEXIS 143584, at *17-18 (M.D.N.C. 2011) ("Although the Fourth Circuit has made it clear that the standards governing reconsideration of final judgments under Fed. R. Civ. P. 59(e) are not determinative of the reconsideration of an interlocutory decision, courts have routinely looked to those factors as a starting point in guiding their discretion under Fed. R. Civ. P. 54(b)." (collecting cases) (internal citations omitted)).

Accordingly, "a court may revise an interlocutory order under the same circumstances in which it may depart from the law of the case: (1) a subsequent trial producing substantially different evidence; (2) a change in applicable law; or (3) clear error causing manifest injustice." *U.S. Tobacco Coop.*, 899 F.3d at 257 (internal quotations omitted). "'[A] motion to reconsider is appropriate when the court has obviously misapprehended a party's position or the facts or applicable law, or when the party produces new evidence that could not have been obtained through the exercise of due diligence.'" *Fleetwood Transp. Corp.*, 2011 U.S. Dist. LEXIS

4

143584, at *18 (quoting *Madison River Mgmt. Co. v. Bus. Mgmt. Software Corp.*, 402 F. Supp. 2d 617, 619 (M.D.N.C. 2005)).

At bottom, Defendant-Intervenors fail to present any recognized grounds for reconsideration of the Court's Order: Defendant-Intervenors do not contend that new evidence has come to light since the Order; they do not contend that the Court committed a clear error (much less one that would result in manifest injustice); nor do they contend that the Court misapprehended any party's position. Instead, Defendant-Intervenors contend that, because the Court did not find prudential standing for Organizational Plaintiffs' right-to-vote claims, the Court should also find that they do not have prudential standing to bring their procedural due process claim. Doc. 125 ¶¶ 8-9. Defendant-Intervenors otherwise fail to challenge the Court's finding that the Organizational Plaintiffs have organizational standing to bring their due process claim or to identify any proper reasons for challenging this finding in their motion. *Id.*

"[W]here litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." *U.S. Tobacco Coop.*, 899 F.3d at 257 (quoting *Official Comm. of the Unsecured*

5

*Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322
F.3d 147, 167 (2d Cir. 2003)). Defendant-Intervenors offer no
"good reason" why reconsideration is warranted here.

## II. The Court Correctly Found Organizational Plaintiffs Have Standing for their Fourteenth Amendment and Due Process Claim.

Even if the Court were to reconsider Organizational
Plaintiffs' standing to assert their procedural due process
claim in the manner Defendant-Intervenors request, such an
inquiry would not change the outcome. The Court found that
Organizational Plaintiffs had *organizational standing*, not
prudential standing, to assert their Fourteenth Amendment and
procedural due process claim, *see* Order at 46-48, and that is
all that is required under Article III. Specifically, the
Court noted that it

> finds Organizational Plaintiffs have standing to
> challenge a lack of procedure regarding absentee
> ballots under both a right-to-vote claim and a
> procedural due process claim. *See Martin*, 341 F.
> Supp. 3d at 1333-35. Keeping in mind that only one
> plaintiff need establish standing in order for the
> court to consider the claim on the merits, *Bostic*,
> 760 F.3d at 370-71, the court need not address
> Individual Plaintiffs' standing to challenge the
> lack of curing procedure, and further finds this
> issue justiciable based on upon the standing of
> Organizational Plaintiffs.

Order at 48. In so holding, the Court was guided by *Martin v.*
*Kemp*, 341 F. Supp. 3d 1326, 1335-36 (N.D. Ga. 2018). The court

in *Martin* found plaintiffs had organizational standing for due process claim related to signature mismatching in Georgia's absentee ballot process based on a diversion of resources like that shown by Organizational Plaintiffs here. *Martin*, 341 F. Supp. 3d at 1334-35 (holding that plaintiffs' allegations regarding diversion of resources regarding signature mismatches, and the evidence offered in supporting declarations, was sufficient to meet "their burden of establishing a concrete and particularized injury under the organizational standing rubric").

The Court's decision, moreover, is consistent with other, similar cases in which courts have found organizational standing to bring due process claims. *See Fla. State Conf. of the NAACP v. Browning*, 522 F.3d 1153, 1166 (11th Cir. 2008) (finding organizational standing to challenge enforcement of a new voter registration verification process under the First and Fourteenth Amendments, including the Due Process Clause); *Lewis v. Hughs*, 2020 U.S. Dist. LEXIS 136850, at *29 (N.D. Tex. July 28, 2020) (finding standing for both organizational and individual plaintiffs to bring due process challenges against Texas' signature match requirement).

7

Defendant-Intervenors have not challenged the Court's finding as to the Organizational Plaintiffs' organizational standing to bring their due process claim. Instead, Defendant-Intervenors contend that because the Court did not find prudential standing for Organizational Plaintiffs to bring their *right-to-vote* claims, the Court should reconsider whether to find prudential standing for Organizational Plaintiffs to bring *procedural due process* claim. Doc. 125, ¶¶ 8-9. But the Court need not address whether Organizational Plaintiffs have prudential standing because it has already concluded that they have standing to sue in their own right with respect to their procedural due process claim. Once a party has Article III standing, nothing further is required. *See Kennedy v. Allera*, 612 F.3d 261, 270 n.3 (4th Cir. 2010) ("[P]rudential standing questions may be avoided in order to decide a case on the merits." (citation omitted)). Because Organizational Plaintiffs clearly have organizational standing, the Court need not consider prudential standing.

## III. Even if Organizational Plaintiffs Did Not Have Standing, the Individual Plaintiffs Have Standing for These Claims.

Even if the Court were to find that Organizational Plaintiffs did not have standing to bring their procedural

8

due process claim, the Court's ultimate conclusion on the merits would remain unaltered because the Individual Plaintiffs have standing to bring this claim. Only one plaintiff need establish standing for the Court to consider a claim on the merits. *Bostic v. Schaefer*, 760 F.3d 352, 370-71 (4th Cir. 2014). Thus, after finding Organizational Plaintiffs have standing for the procedural due process claim, the Court did not need to consider whether Individual Plaintiffs had standing for the same claim, but it certainly did not conclude that they lacked standing. Order at 48.

To establish standing, Individual Plaintiffs must show "1) an actual or threatened injury; 2) which is fairly traceable to the defendant's alleged, illegal activity; and 3) which is likely to be redressed by the requested relief." *Raetzel v. Parks/Bellemont Absentee Election Bd.*, 762 F. Supp. 1354, 1355 (D. Ariz. 1990) (citing *Valley Forge Christian College v. Ams. for Separation of Church and State*, 454 U.S. 464, 473 (1982)). For due process claims specifically, Individual Plaintiffs may show injury by demonstrating a *risk* of erroneous deprivation of a liberty interest created by law; they need not wait until that deprivation occurs to file suit. *See Mathews v. Eldridge*, 424

9

U.S. 319, 335 (1976); *Democratic Exec. Comm. of Fla. v. Lee*, 915 F.3d 1312, 1319-20 (11th Cir. 2019) (noting that "Florida's signature-match scheme subjects vote-by-mail and provisional electors to the *risk* of disenfranchisement" and that "[c]onsequently, legitimate vote-by-mail and provisional voters, through factors out of their control, are burdened with the *risk* that their ballots will incorrectly be rejected for signature mismatch" (emphases added)). Finally, in voting rights cases, "a voter always has standing to challenge a statute that places a requirement on the exercise of his or her right to vote." *People First of Ala. v. Merrill*, 2020 WL 3207824, at *6 (N.D. Ala. June 15, 2020), *stay granted,* 591 U.S. -- (July 2, 2020).

Accordingly, federal courts have found individual standing for due process claims in voting rights cases under similar circumstances as present here. *See, e.g., Lewis*, 2020 U.S. Dist. LEXIS 136850, at *29 (finding plaintiff had standing for due process claim by alleging signature match requirement placed her at risk of her ballot being rejected because plaintiffs "need not show that their right to vote *will* be denied" (emphasis in original)); *Raetzel*, 762 F. Supp. at 1355-56 (D. Ariz. 1990) (finding plaintiffs had standing

10

to seek relief to prevent lack of notice and a hearing prior to their absentee votes being disqualified during a "future election" because "standing is based on the denial of that right, even if that decision [to disqualify their votes] would not have been affected").

Here, Individual Plaintiffs Clark, Cate, Edwards, Priddy, Hutchins, and Bentley have satisfied the requirements for standing for their due process claim. North Carolina law vests them with the statutory right to request and cast a mail-in ballot, *see* N.C. Gen. Stat. § 163-226(a), all intend to do so, and they have demonstrated a risk of deprivation of that right arising from the lack of a uniform cure procedure, thereby denying them notice and an opportunity to be heard before their mail-in ballots may be rejected. *See* Order at 153-56. Accordingly, Individual Plaintiffs have standing to pursue the identified due process violations, and the motion to reconsider may be denied as moot on these alternative grounds.

## CONCLUSION

For the foregoing reasons, Defendant-Intervenors' motion to reconsider should be denied.

Dated: August 26, 2020.

Respectfully submitted,

/s/ *Jon Sherman*
Jon Sherman
D.C. Bar No. 998271
Michelle Kanter Cohen
D.C. Bar No. 989164
Cecilia Aguilera
D.C. Bar No. 1617884
FAIR ELECTIONS CENTER
1825 K St. NW, Ste. 450
Washington, D.C. 20006
Telephone: (202) 331-0114
Email:
jsherman@fairelectionscenter.or
g
mkantercohen@fairelectionscente
    r.org
caguilera@fairelectionscenter.o
    rg

/s/ *Hilary Harris Klein*
Allison J. Riggs (State Bar
#40028)
Jeffrey Loperfido (State
Bar #52939)
Hilary Klein (State Bar
#53711)
Southern Coalition for
Social Justice
1415 West Highway 54, Suite
101
Durham, NC 27707
Telephone: 919-323-3380
Facsimile: 919-323-3942
Email:
Allison@southerncoalition.
org
  jeff@southerncoalition.o
rg

/s/ *George P. Varghese*
George P. Varghese (Pa. Bar
No. 94329)
Joseph J. Yu (NY Bar No.
4765392)
Stephanie Lin (MA Bar No.
690909)
Rebecca Lee (DC Bar No.
229651)
Richard A. Ingram (DC Bar
No. 1657532)
WILMER CUTLER PICKERING HALE AND
DORR LLP
60 State Street
Boston, MA 02109
Telephone: (617) 526-6000

```
                              Facsimile: (617) 526-5000
                              Email:
                              george.varghese@wilmerhale
                                    .com
                              joseph.yu@wilmerhale.com
                              stephanie.lin@wilmerhale.c
                                    om
                              rebecca.lee@wilmerhale.com
                              rick.ingram@wilmerhale.com
```

## WORD CERTIFICATION

Pursuant to Local Rule 7.3(d)(1), the undersigned certifies that the word count for PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT-INTERVENORS' MOTION FOR RECONSIDERATION is 1866 words. The word count excludes the case caption, signature lines, cover page, and required certificates of counsel. In making this certification, the undersigned has relied upon the word count of Microsoft Word, which was used to prepare the brief.

*/s/ Hilary Harris Klein*
Hilary Harris Klein