IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DEMOCRACY NORTH CAROLINA, THE LEAGUE OF WOMEN VOTERS OF NORTH CAROLINA, DONNA PERMAR, JOHN P. CLARK, MARGARET B. CATES, LELIA BENTLEY, REGINA WHITNEY EDWARDS, ROBERT K. PRIDDY II, SUSAN SCHAFFER, and WALTER HUTCHINS, | ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:20CV457 |
| THE NORTH CAROLINA STATE BOARD OF ELECTIONS, DAMON CIRCOSTA, in his official capacity as CHAIR OF THE STATE BOARD OF ELECTIONS, STELLA ANDERSON, in her official capacity as SECRETARY OF THE STATE BOARD OF ELECTIONS, KEN RAYMOND, in his official capacity as MEMBER OF THE STATE BOARD OF ELECTIONS, JEFF CARMON III, in his official capacity as MEMBER OF THE STATE BOARD OF ELECTIONS, DAVID C. BLACK, in his official capacity as MEMBER OF THE STATE BOARD OF ELECTIONS, KAREN BRINSON BELL, in her official capacity as EXECUTIVE DIRECTOR OF THE STATE BOARD OF ELECTIONS, THE NORTH CAROLINA DEPARTMENT OF | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

```
TRANSPORTATION, J. ERIC        )
BOYETTE, in his official       )
capacity as TRANSPORTATION     )
SECRETARY, THE NORTH           )
CAROLINA DEPARTMENT OF         )
HEALTH AND HUMAN SERVICES,     )
and MANDY COHEN, in her        )
official capacity as           )
SECRETARY OF HEALTH AND        )
HUMAN SERVICES,                )
                               )
            Defendants.        )
                               )
     and                       )
                               )
PHILIP E. BERGER, in his       )
official capacity as           )
PRESIDENT PRO TEMPORE OF THE   )
NORTH CAROLINA SENATE, and     )
TIMOTHY K. MOORE, in his       )
official capacity as SPEAKER   )
OF THE NORTH CAROLINA HOUSE    )
OF REPRESENTATIVES,            )
                               )
       Defendant-Intervenors.  )
```

**ORDER**

This matter is before the court on the Motion for Reconsideration, (Doc. 125), filed by Defendant-Intervenors Philip E. Berger, in his official capacity as President Pro Tempore of the North Carolina Senate, and Timothy K. Moore, in his official capacity as Speaker of the North Carolina House of Representatives (together, "Legislative Defendants"). Also pending before this court are Plaintiffs' Motion for

Reconsideration and Modification of Preliminary Injunction, (Doc. 130); Defendant-Intervenors' Motion for Leave to File Response to State Defendants' Response to Plaintiffs' Motion for Reconsideration, (Doc. 140); and Plaintiffs' Motion for Leave to File a Sur-Reply, (Doc. 141), to the Reply Memorandum in Support of Defendant-Intervenors' Motion for Reconsideration. All motions are ripe for ruling. For the reasons set forth herein, the court will deny these motions.

I. **ANALYSIS**

   A. **Motion for Reconsideration**

   This court will first address the parties' motions for reconsideration, (Docs. 125, 130), of this court's preliminary injunction order, (Doc. 124). A preliminary injunction is an interlocutory order. See e.g. 28 U.S.C. § 1292(a)(1).

> Motions for reconsideration of interlocutory orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment. See 12 Moore's Federal Practice § 60.23 ("Rule 60(b) does not govern relief from interlocutory orders . . . ."). This is because a district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted.

Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 514-15 (4th Cir. 2003). The Fourth Circuit has routinely looked to the standards governing the reconsideration of final judgments under Rule 59(e) in considering a motion for reconsideration of an

interlocutory order under Rule 54(b). See Volumetrics Med. Imaging, LLC, v. Toshiba Am. Med. Sys., Inc., No. 1:05CV955, 2011 WL 6934696, at *2 (M.D.N.C. Dec. 30, 2011); Turn and Bank Holdings, LLC v. Avco Corp., No. 1:19-CV-503, 2020 WL 733831, at *1 (M.D.N.C. Feb. 13, 2020), appeal dismissed, No. 19-2245, 2020 WL 2126457 (4th Cir. 2020). Thus, a motion for reconsideration under Rule 54(b) is "appropriately granted only in narrow circumstances: (1) the discovery of new evidence, (2) an intervening development or change in the controlling law, or (3) the need to correct a clear error or prevent manifest injustice." Pender v. Bank of Am. Corp., No. 3:05-CV-238-MU, 2011 WL 62115, at *1 (W.D.N.C. Jan. 7, 2011). On the other hand, a motion to reconsider is improper where "it only asks the Court to rethink its prior decision, or presents a better or more compelling argument than the party could have presented in the original briefs on the matter." Hinton v. Henderson, No. 3:10cv505, 2011 WL 2142799, at *1 (W.D.N.C. May 31, 2011) (internal citations and quotation marks omitted); see also Directv, Inc. v. Hart, 366 F. Supp. 2d 315, 317 (E.D.N.C. 2004) (holding that a motion to reconsider is not proper when it "merely asks the court to rethink what the Court had already thought through — rightly or wrongly" (internal citations and

quotation marks omitted)). For the following reasons, this court finds both motions for reconsideration should be denied.

> **1. Legislative Defendants' Motion for Reconsideration**

Legislative Defendants ask this court to reconsider its Memorandum Opinion, (Doc. 124), by claiming that Organizational Plaintiffs lack prudential standing to assert procedural due process claims. (Doc. 125 at 3-4.)

This court agrees that Organizational Plaintiffs lack prudential standing to challenge procedural due process; in fact, it explicitly found as such in its Memorandum Opinion and Order. (Doc. 124 at 53-57.) However, this court also found that Organizational Plaintiffs suffered their own discrete organizational harm, which created standing independent of Individual Plaintiffs or third parties. (Id. at 48.) As a result, this court disagrees with Legislative Defendants on the need to "determine whether Individual Plaintiffs have standing to assert the procedural due process claims." (Doc. 125 at 4.) Only one plaintiff needs to establish standing in order for the court to consider the claim on its merits. See Bostic v. Schaefer, 760 F.3d 352, 370-71 (4th Cir. 2014). Given that Organizational Plaintiffs established organizational standing, the court need not address the standing of Individual Plaintiffs

- 5 -

Case 1:20-cv-00457-WO-JLW   Document 144   Filed 09/30/20   Page 5 of 13

with respect to the procedural due process claim. Legislative Defendants' motion for reconsideration will therefore be denied.

## 2. Plaintiffs' Motion for Reconsideration

Plaintiffs argue that the relief granted in the preliminary injunction order to Plaintiff Walter Hutchins should be expanded. Specifically, Plaintiffs request the relief be extended to include "all Section 208-covered nursing home residents in North Carolina." (Doc. 130 at 3.) Plaintiffs contend that the failure to offer such expansive relief was clearly erroneous.

Plaintiffs suggest that this new, broader relief is supported by the record and "other facts of which this Court may take judicial notice." (Id. at 10.) Plaintiffs point to three particular facts to support their argument: some North Carolina voters are residents of nursing homes, some of those residents require assistance pursuant to Section 208, and nursing homes are currently on lockdown due to COVID-19. (Id. at 11.) This court does not find those facts sufficient to support the requested relief.

An additional fact applies to Plaintiff Hutchins that, in the opinion of this court, supported the relief extended to him. Plaintiff Hutchins affirmatively requested in his affidavit that he "would like The Davis Community staff members to be permitted

- 6 -

Case 1:20-cv-00457-WO-JLW   Document 144   Filed 09/30/20   Page 6 of 13

to assist [him] in voting . . . ." (Doc. 11-9 ¶ 11.) As this court previously found, Section 208 allows a qualified voter to "be given assistance by a person of the voter's choice." (Doc. 124 at 171.) Plaintiff Hutchins expressed his choice in his affidavit. It is entirely unknown whether other similarly-situated voters have chosen, or will choose, to request assistance from staff of a nursing home. It is also unknown whether nursing home staff are the only available assistance for those hypothetical qualified voters. This court declines to take judicial notice of an indefinite fact that is necessary to the analysis: that other voters would also request assistance from staff at a nursing home. This court will not assume that other individuals require the same relief as was awarded to Plaintiff Hutchins. To do so would be to provide relief for a conjectural, hypothetical threat of injury under Section 208. This court is prohibited from taking such a speculative step. See Gill v. Whitford, 585 U.S. ____, ____, 138 S. Ct. 1916, 1933 (2018). This court therefore finds Plaintiffs' motion for reconsideration should be denied as unsupported by facts currently in the record.

Furthermore, expanding the relief in this manner would allow nursing home staff to solicit voters by proactively offering assistance, rather than leaving the choice to voters in

- 7 -

Case 1:20-cv-00457-WO-JLW   Document 144   Filed 09/30/20   Page 7 of 13

the first instance. Granting that type of broad relief is a policy decision, not an appropriate judicial action. Section 208, regardless of how it is interpreted, makes it the voter's choice whether to seek assistance - not the choice of a third party.

Legislative Defendants argue that the order should not be extended because the harm is not redressable in this case, as "no prosecutors, State or local," are party to this suit. (Doc. 135 at 16.) That is an argument with some merit. However, Legislative Defendants passed the law. They have the power to bring the legislature into session to amend the law as may be necessary to comply with the terms of this order. Legislative Defendants also argue that this court does not have the authority to enjoin state or local law enforcement. (See id. at 17.) The injunction was entered as to "Defendants, their agents [and] employees." (Doc. 124 at 187.) The question of whether that order may be enforced, and against whom, is at best unsettled.

Executive Defendants, consistent with Plaintiffs, have requested that this court modify its injunction, which enjoined the "prohibition on employees of the nursing facility where Hutchins lives from assisting with or witnessing his absentee ballot," by extending enforcement to "all residents and

employees of nursing facilities for the November 2020 general elections." (Doc. 137 at 3.) Though Executive Defendants' argument raises issues of substantial concern to this court, these unknown individuals cannot establish standing in this court. Director Bell's affidavit, (Doc. 137-1), is not sufficient to establish a likelihood of concrete, non-hypothetical injury. Her statement that any limitations "might disenfranchise residents," (id. ¶ 12), is insufficiently concrete. This court's "constitutionally prescribed role is to vindicate the individual rights of the people appearing before it." Gill, 138 S. Ct. at 1933. Circumstances with COVID-19 continue to change, and this court is not in a position to issue relief on the basis of speculation as to who may or may not be subject to the deprivation of a constitutional right.

This court's "authority to act . . . is 'grounded in and limited by the necessity of resolving, according to legal principles, a plaintiff's particular claim of legal right.'" Rucho v. Common Cause, 588 U.S. ____, ____, 139 S. Ct. 2484, 2494 (2019) (quoting Gill, 138 S. Ct. at 1929). Executive Defendants' request to expand the relief extended to Plaintiff Hutchins requires a substantial policy decision not previously addressed by the parties. To expand relief beyond Plaintiff Hutchins would allow nursing home staff to solicit voters for

- 9 -

the opportunity to provide assistance rather than leaving the choice to voters in the first instance. Whether nursing home staff should have the freedom to act in such a fashion is not an issue that has been previously addressed by the parties or this court. The state has "considerable leeway" in regulating the "election processes generally." Fusaro v. Cogan, 930 F.3d 241, 257-58 (4th Cir. 2019). In determining whether an election law unconstitutionally burdens the right to vote, a court is required to balance the magnitude of the burden against the state's interests. See id. On the present record, this court has no way to balance those interests as they might be affected by an injunction stretching to all voters similarly situated to Plaintiff Hutchins, even assuming such voters exist. Thus, this court declines to amend its preliminary injunction order as to Plaintiff Hutchins in a manner that would provide wider-scale relief. This court cannot address a speculative, and as yet undemonstrated, risk of constitutional injury.

### 3. Application of Purcell to Both Motions

This court further finds that Purcell v. Gonzalez, 549 U.S. 1 (2006), requires that the motions for reconsideration be denied.

> "[C]onsiderations specific to election cases," including the risk of voter confusion, Purcell v. Gonzalez, 549 U.S. 1, 4–5, 127 S. Ct. 5, 166 L. Ed. 2d

- 10 -

> 1 (2006), counsel extreme caution when considering
> preliminary injunctive relief that will alter
> electoral procedures. Because those risks increase
> "[a]s an election draws closer," id. at 5, 127 S. Ct.
> 5, so too must a court's caution. Cf. Riley v.
> Kennedy, 553 U.S. 406, 426, 128 S. Ct. 1970, 170
> L. Ed. 2d 837 (2008) ("[P]ractical considerations
> sometimes require courts to allow elections to proceed
> despite pending legal challenges.").

League of Women Voters of N.C. v. North Carolina, 769 F.3d 224, 250–51 (4th Cir. 2014) (Motz, J., dissenting). The election is now less than sixty days away. The Supreme Court:

> has repeatedly emphasized that lower federal courts
> should ordinarily not alter the election rules on the
> eve of an election. See Purcell v. Gonzalez, 549 U.S.
> 1, 127 S. Ct. 5, 166 L. Ed. 2d 1 (2006) (per curiam);
> Frank v. Walker, 574 U.S. 929, 135 S. Ct. 7, 190
> L. Ed. 2d 245 (2014); Veasey v. Perry, 574 U.S. ___,
> 135 S. Ct. 9, 190 L. Ed. 2d 283 (2014).

Republican Nat'l Comm., 140 S. Ct. at 1207. Because the election process has already started, additional amendment of the applicable rules is likely to confuse not only voters, but election officials as well. This, in turn, can create even further confusion for voters. This court finds the motions for reconsideration should be denied.

Two further motions also remain pending: Defendant-Intervenors' Motion for Leave to File Response to State Defendants' Response to Plaintiffs' Motion for Reconsideration, (Doc. 140), and Plaintiffs' Motion for Leave to File a Sur-Reply, (Doc. 141).

- 11 -

### A. Defendant-Intervenors' Motion for Leave to Respond

With respect to Defendant-Intervenors' motion requesting leave to respond to State-Defendants' response, (Doc. 140), this court will deny the motion for reconsideration, so further responses are not necessary. Thus, this motion, (Doc. 140), will be denied.

### B. Plaintiff's Motion for Leave to File a Sur-Reply

Plaintiff's motion requesting permission to file a sur-reply, (Doc. 141), is well-taken, as new arguments were raised in Defendant-Intervenors' reply brief. As <u>all parties</u> should by now be fully aware, this court does not condone a briefing process in which substantive arguments or facts in support of the original motion are raised for the first time in a reply. Here, this court will deny Defendant-Intervenors' motion for reconsideration, so a sur-reply is not necessary. This motion, (Doc. 141), will therefore also be denied.

## II. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant-Intervenors' Motion for Reconsideration, (Doc. 125), is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Reconsideration and Modification of Preliminary Injunction, (Doc. 130), is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant-Intervenors' Motion for Leave to File Response to State Defendants' Response to Plaintiffs' Motion for Reconsideration, (Doc. 140), and Plaintiffs' Motion for Leave to File a Sur-Reply, (Doc. 141), are **DENIED**.

This the 30th day of September, 2020.

/s/ William L. Osteen, Jr.
United States District Judge