IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DEMOCRACY NORTH CAROLINA, THE LEAGUE OF WOMEN VOTERS OF NORTH CAROLINA, DONNA PERMAR, JOHN P. CLARK, MARGARET B. CATES, LELIA BENTLEY, REGINA WHITNEY EDWARDS, ROBERT K. PRIDDY II, SUSAN SCHAFFER, and WALTER HUTCHINS, | ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:20CV457 |
| THE NORTH CAROLINA STATE BOARD OF ELECTIONS, DAMON CIRCOSTA, in his official capacity as CHAIR OF THE STATE BOARD OF ELECTIONS, STELLA ANDERSON, in her official capacity as SECRETARY OF THE STATE BOARD OF ELECTIONS, KEN RAYMOND, in his official capacity as MEMBER OF THE STATE BOARD OF ELECTIONS, JEFF CARMON III, in his official capacity as MEMBER OF THE STATE BOARD OF ELECTIONS, DAVID C. BLACK, in his official capacity as MEMBER OF THE STATE BOARD OF ELECTIONS, KAREN BRINSON BELL, in her official capacity as EXECUTIVE DIRECTOR OF THE STATE BOARD OF ELECTIONS, THE NORTH CAROLINA DEPARTMENT OF | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

TRANSPORTATION, J. ERIC        )
BOYETTE, in his official       )
capacity as TRANSPORTATION     )
SECRETARY, THE NORTH           )
CAROLINA DEPARTMENT OF         )
HEALTH AND HUMAN SERVICES,     )
and MANDY COHEN, in her        )
official capacity as           )
SECRETARY OF HEALTH AND        )
HUMAN SERVICES,                )
                               )
            Defendants.        )
                               )
    and                        )
                               )
PHILIP E. BERGER, in his       )
official capacity as           )
PRESIDENT PRO TEMPORE OF THE   )
NORTH CAROLINA SENATE, and     )
TIMOTHY K. MOORE, in his       )
official capacity as SPEAKER   )
OF THE NORTH CAROLINA HOUSE    )
OF REPRESENTATIVES,            )
                               )
    Defendant-Intervenors.     )

## ORDER

On September 28, 2020, Executive Defendants filed a Notice of Filing advising this court of "[t]he implementation of Numbered Memo 2020-19 by the State Board of Elections (attached as Exhibit A), issued consistent with the Order entered by this Court on August 4, 2020." (Doc. 143 at 1.) It is not immediately clear why this notice was filed with this court; ordinarily, compliance with an order of this court would require a party to

request some type of enforcement for noncompliance rather than a suggestion that this court review purported compliance. Nevertheless, because silence could be misconstrued as approval from this court, this court has reviewed the attached Memo 2020-19, (Ex. A (Doc. 143-1)), and does not find it consistent with this court's order entered on August 4, 2020, (see Doc. 124).

It appears to this court that Memo 2020-19 issued by the North Carolina State Board of Elections may be reasonably interpreted to eliminate the one-witness requirement under the guise of compliance with this court's order. This court finds a status conference is necessary in light of this court's present concern that alleged compliance with this court's order is resulting in elimination of a duly-enacted statute requiring a witness to an absentee ballot.

N.C. Gen. Stat. § 163-231(a), as amended by HB 1169 and upheld by this court, specifies the procedure for voting an absentee ballot, including the requirement that one person witness the voter completing their absentee ballot. N.C. Gen. Stat. § 163-231(a). HB 1169 amends the requirement that there be two witnesses:

> For an election held in 2020, notwithstanding [N.C. Gen. Stat. §] 163-229(b) and [N.C. Gen. Stat. §] 163-231(a), and provided all other requirements for

> absentee ballots are met, a voter's returned absentee
> ballot shall be accepted and processed accordingly by
> the county board of elections <u>if the voter marked the
> ballot in the presence of at least one person who is
> at least 18 years of age</u> and is not disqualified by
> [N.C. Gen. Stat. §] 163-226.3(a)(4) or [N.C. Gen.
> Stat. §] 163-237(c), <u>provided that the person signed
> the application and certificate as a witness and
> printed that person's name and address on the
> container-return envelope</u>. For an election held in
> 2020, notwithstanding [N.C. Gen. Stat. §] 163-229(b),
> the State Board of Elections may prepare applications
> for each container-return envelope providing for a
> space for the identification of one person witnessing
> the casting of the absentee ballot in accordance with
> [N.C. Gen. Stat. §] 163-231, that person's signature,
> and that person's printed name and address.

2020 N.C. Sess. Laws 2020-17 (H.B. 1169) § 1.(a)(emphasis added).

Notably, for an absentee ballot to be valid, the voter must have marked the ballot in the presence of the witness and the witness must sign the ballot as a witness. (<u>See</u> <u>id.</u>) Nothing about this court's preliminary injunction order can or should be construed as finding that the failure of a witness to sign the application and certificate as a witness is a deficiency which may be cured with a certification after the ballot has been returned. (<u>See</u> Doc. 124.) Furthermore, this court's order cannot in any way be construed to permit a missing witness signature to be cured by "sending the voter a certification," as indicated by Memo 2020-19. (Doc. 143-1 at 2.)

- 4 -

Plaintiffs in this action challenged the witness requirement to an absentee ballot. (See Doc. 10 at 32-36; Doc. 31 at 5.) Executive Defendants, including the North Carolina State Board of Elections, while expressing support for eliminating the witness requirement, (Doc. 58 at 27), opposed Plaintiffs' request and defended the one-witness requirement:

> In light of the plaintiffs' failure to show that the witness requirement presents a significant burden and the Court's preference for granting preliminary injunctions that maintain the status quo rather than create a new one, this Court should deny this request for an injunction. Pashby v. Delia, 709 F.3d at 319.

(Id. at 28.)

In accordance with Executive Defendants' position, this court declined to enjoin the One-Witness Requirement under § 163-231(a), as amended by HB 1169. (Doc. 124 at 102.) This court found:

> [E]ven high-risk voters can comply with the One-Witness Requirement in a relatively low-risk way, as long as they plan ahead and abide by all relevant precautionary measures, like social distancing, using hand sanitizer, and wearing a mask; in other words, the burden on voters is modest at most.
>
> Turning to the State's interest, the court first notes that, while the evidence does not demonstrate that the witness requirement is integral to initially detecting voter fraud, the deterrent effect of the One-Witness Requirement, in addition to North Carolina's recent history of voter fraud involving absentee ballots, are sufficiently weighty to justify the modest burden on voters.

- 5 -

> Plaintiffs have not demonstrated a likelihood of success on the merits of their constitutional challenge to the One-Witness Requirement under the Anderson-Burdick balancing test.

(Id.)

This court did, however, grant relief to Plaintiffs on their alleged due process violation, finding for purposes of the preliminary injunction that,

> Plaintiffs have demonstrated a likelihood of success that the current process available to absentee voters is constitutionally inadequate; Plaintiffs have therefore demonstrated a likelihood of success on their procedural due process claim. The court finds an injunction should issue prohibiting the State BoE from disallowing or rejecting absentee ballots without due process as to those ballots with a material error that is subject to remediation, such as a signature mismatch or deficient witness contact information.

(Id. at 159-60.) Notably here, this court's findings did not include any finding that <u>an absent witness signature was or is a curable defect</u>. (See id.) This court's findings were limited to circumstances in which "the ballot is rejected for a reason that is curable, such as incomplete witness information, or a signature mismatch, and the voter is not given notice or an opportunity to be heard on this deficiency . . . ." (Id. at 156.) As a result of these findings, this court ordered that "Defendants, including the North Carolina State Board of Elections, are **PROHIBITED AND ENJOINED** from the disallowance or rejection, or permitting the disallowance or rejection, of

absentee ballots without due process <u>as to those ballots with a material error that is subject to remediation</u>." (Doc. 124 at 187 (emphasis added).) Those errors subject to remediation were limited, according to the evidence presented by the State of North Carolina at the hearing on the preliminary injunction.

Notwithstanding the fact this court upheld the one-witness requirement and limited the due process remedy to those defects which were subject to remediation, it now appears that on September 22, 2020, the North Carolina State Board of Elections has eliminated the one-witness requirement under the guise of compliance with this court's order. (<u>See</u> Doc. 143-1 at 2.)

According to Memo 2020-19 filed as part of the Notice of Filing, the North Carolina State Board of Elections has determined that the fact the "[w]itness or assistant did not sign" is a deficiency that can be cured by "sending the voter a certification." (<u>Id.</u>) This court finds, following review, and preliminarily, that procedure and cure as set out in Memo 2020-19 is <u>not</u> consistent with this court's order.

First, sending the "voter a certification" to remedy the absence of a witness signature appears to allow the voter to perform some type of post-election certification of the ballot such that the witness requirement is eliminated entirely. That policy ignores the fact that this court's order upheld the

- 7 -

Case 1:20-cv-00457-WO-JLW   Document 145   Filed 09/30/20   Page 7 of 12

one-witness requirement and in so doing found that it was a reasonable measure to deter fraud. (Doc. 124 at 99-100.) Executive Defendants' cure process appears to substitute a voter affidavit for a witness, and a witness signature, in a manner contrary to the absentee ballot procedure established by the North Carolina legislature. See N.C. Gen. Stat. § 163-231 et seq.

The cure process described in Memo 2020-19 permits a voter to cast an absentee by mail ballot as late as November 12, after the election, without a witness signature as required by HB 1169. Memo 2020-19 describes the process:

> 3.1 Issuance of a Cure Certification or New Ballot
>
> If there are any deficiencies with the absentee envelope, the county board of elections shall contact the voter in writing within one business day of identifying the deficiency to inform the voter there is an issue with their absentee ballot and enclosing a cure certification or new ballot, as directed by Section 2.
>
> . . . .
>
> 3.2 Receipt of a Cure Certification
>
> The cure certification must be received by the county board of elections by no later than 5 p.m. on Thursday, November 12, 2020, the day before county canvass. The cure certification may be submitted to the county board office by fax, email, in person, or by mail or commercial carrier. If a voter appears in person at the county board office, they may also be given, and can complete, a new cure certification.

- 8 -

(Doc. 143-1 at 3-4.) The "cure certification" is attached to Memo 2020-19 and does not require an identification of the missing witness nor does it require a witness or witness signature at all. (See id. at 6.)

This court's findings suggesting that only certain types of deficiencies could be cured following return of the ballot to the board of elections is consistent with this court's understanding of Karen Brinson Bell's testimony. At the hearing on the preliminary injunction, the State called as its witness Karen Brinson Bell. (Evidentiary Hr'g Tr. vol. 2 (Doc. 113) at 33.) Ms. Bell is the Executive Director of the North Carolina State Board of Elections. (Id.) Ms. Bell testified, in relation to curing a ballot,

> Q    Okay. So there's no ability for those voters --
> if they misunderstood the witness requirement and
> didn't have a witness, for those voters to cure their
> absentee ballots?
>
> A    We could contact them and spoil that particular
> ballot.
>
> Q    Do you know if that's the regular practice right
> now?
>
> A    That was a procedure in my county office.

(Id. at 122.)

In light of the foregoing, it appears to this court that Executive Defendants have re-written the one-witness

- 9 -

requirement, a statute this court previously upheld, to permit submission of an absentee ballot without a witness. Memo 2020-19 allows an absentee ballot by mail to be cured without any evidence that it was properly executed in the first instance in the presence of a witness. (Doc. 143-1 at 2.) Because Memo 2020-19 appears to permit a voter to cast an unwitnessed absentee by mail ballot, the procedure undermines and in effect eliminates the Legislature's interest in preventing ballot fraud as more fully described in this court's Memorandum Opinion. (Doc. 124 at 102) ("[T]he deterrent effect of the One-Witness Requirement, in addition to North Carolina's recent history of voter fraud involving absentee ballots, are sufficiently weighty to justify the modest burden on voters."). This court does not find Memo 2020-19 "consistent with the Order entered by this Court on August 4, 2020," (Doc. 143 at 1), and, to the degree this court's order was used as a basis to eliminate the one-witness requirement, this court finds such an interpretation unacceptable.

Furthermore, to the extent this court's order is providing a basis for revisions to elections laws on September 22, 2020, (Doc. 143-1 at 1), after absentee voting started on September 4, 2020, FAQs: Voting by Mail in North Carolina in 2020, North Carolina State Board of Elections (last accessed September 30,

2020), https://www.ncsbe.gov/voting/vote-mail/faqs-voting-mail-north-carolina-2020#when-will-i-receive-my-absentee-ballot-for-the-2020-general-election, this court has significant concern.

The election is now less than sixty days away. The Supreme Court:

> has repeatedly emphasized that lower federal courts should ordinarily not alter the election rules on the eve of an election. See Purcell v. Gonzalez, 549 U.S. 1, 127 S. Ct. 5, 166 L. Ed. 2d 1 (2006) (per curiam); Frank v. Walker, 574 U.S. 929, 135 S. Ct. 7, 190 L. Ed. 2d 245 (2014); Veasey v. Perry, 574 U. S. ____, 135 S. Ct. 9, 190 L. Ed.2 d 283 (2014).

Republican Nat'l Comm. v. Democratic Nat'l Comm., 589 U.S. ____, ____, 140 S. Ct. 1205, 1207 (2020). The voting by mail process was scheduled to start on September 4, 2020, when ballots began being "mailed by county boards of elections to voters who . . . returned a request form." FAQs: Voting by Mail in North Carolina in 2020, North Carolina State Board of Elections (last accessed September 30, 2020), https://www.ncsbe.gov/voting/vote-mail/faqs-voting-mail-north-carolina-2020#when-will-i-receive-my-absentee-ballot-for-the-2020-general-election. So far as this court is aware, ballots, envelopes, and the processes began under the law as it existed as either upheld or modified by the terms of this court's order. It appears that on September 22, 2020, with the introduction of Memo 2020-19, those laws were modified by the North Carolina State Board of Elections without

- 11 -

legislative action, apparently, for the purpose of compliance with this court's order.

In view of the foregoing, this court finds a status conference is necessary. The Clerk is directed to set this matter for a status conference, in person, at the earliest possible date and time available. At the conference, the court will inquire of Executive Defendants as follows:

    1.   Whether this court's interpretation of the Notice of Filing, (Doc. 143), and Memo 2020-19 (Doc. 143-1), is correct or incorrect; and

    2.   Whether this court's order, (Doc. 124), was used or asserted as a basis for a revision of election procedure on September 22, 2020, to allow submission of an absentee by mail ballot without a witness signature; and if so,

    3.   What action or relief is necessary from this court to address any improper application of the terms and conditions of this court's preliminary injunction order.

This the 30th day of September, 2020.

                                 /s/ William L. Osteen, Jr.
                                 United States District Judge