IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
DEMOCRACY NORTH CAROLINA,        )
THE LEAGUE OF WOMEN VOTERS       )
OF NORTH CAROLINA,               )
DONNA PERMAR, JOHN P. CLARK,     )
MARGARET B. CATES,               )
LELIA BENTLEY, REGINA WHITNEY    )
EDWARDS, ROBERT K. PRIDDY II,    )
SUSAN SCHAFFER, and              )
WALTER HUTCHINS,                 )
                                 )
              Plaintiffs,        )
                                 )
     v.                          )           1:20CV457
                                 )
THE NORTH CAROLINA STATE         )
BOARD OF ELECTIONS,              )
DAMON CIRCOSTA, in his           )
official capacity as CHAIR       )
OF THE STATE BOARD OF            )
ELECTIONS, STELLA ANDERSON,      )
in her official capacity as      )
SECRETARY OF THE STATE           )
BOARD OF ELECTIONS,              )
KEN RAYMOND, in his official     )
capacity as MEMBER OF THE        )
STATE BOARD OF ELECTIONS,        )
JEFF CARMON III, in his          )
official capacity as MEMBER      )
OF THE STATE BOARD OF            )
ELECTIONS, DAVID C. BLACK,       )
in his official capacity as      )
MEMBER OF THE STATE BOARD        )
OF ELECTIONS, KAREN BRINSON      )
BELL, in her official            )
capacity as EXECUTIVE            )
DIRECTOR OF THE STATE BOARD      )
OF ELECTIONS, THE NORTH          )
CAROLINA DEPARTMENT OF           )
TRANSPORTATION, J. ERIC          )
```

```
BOYETTE, in his official        )
capacity as TRANSPORTATION      )
SECRETARY, THE NORTH            )
CAROLINA DEPARTMENT OF          )
HEALTH AND HUMAN SERVICES,      )
and MANDY COHEN, in her         )
official capacity as            )
SECRETARY OF HEALTH AND         )
HUMAN SERVICES,                 )
                                )
            Defendants.         )
                                )
    and                         )
                                )
PHILIP E. BERGER, in his        )
official capacity as            )
PRESIDENT PRO TEMPORE OF THE    )
NORTH CAROLINA SENATE, and      )
TIMOTHY K. MOORE, in his        )
official capacity as SPEAKER    )
OF THE NORTH CAROLINA HOUSE     )
OF REPRESENTATIVES,             )
                                )
    Defendant-Intervenors.      )
```

## ORDER

On September 30, 2020, this court issued an order, (Doc. 145), finding that a status conference is necessary to address issues relating to compliance with this court's preliminary injunction order dated August 4, 2020, (see Doc. 124). On September 30, 2020, following entry of this court's order, (Doc. 145), Plaintiffs filed a Motion to Expedite Consideration of this court's preliminary injunction order. (Doc. 147.)

This court finds expedited consideration appropriate and directs Executive and Legislative Defendants to file a response

on or before October 2, 2020, at 12:00 p.m. This response may not exceed 20 pages. In this response, Defendants should address the following:

    1.   Whether Plaintiffs' Motion for Clarification is timely in light of <u>Purcell v. Gonzalez</u>, 549 U.S. 1 (2006), and <u>Republican National Committee v. Democratic National Committee</u>, 589 U.S. \_\_\_\_, 140 S. Ct. 1205 (2020), in which the Supreme Court held that "lower federal courts should ordinarily not alter the election rules on the eve of an election." 140 S. Ct. at 1207.

    2.   Whether this court should consider restraining Defendant North Carolina State Board of Elections' actions taken pursuant to Memo 2020-19, (Doc. 143-1), in light of the earlier version of that memorandum issued on August 21, 2020 "direct[ing] the procedure county boards must use to address deficiencies in absentee ballots." (<u>See</u> Doc. 148-3 at 2.)

    3.   What constitutes a "curable" defect, (<u>see</u> Doc. 124 at 159-60), and why the guidance in the August 21, 2020 memorandum was or was not sufficient to address any curable defects.

    4.   If either Legislative or Executive Defendants believe that the Memo 2020-19 dated September 22, 2020, (Doc. 143-1), does in fact improperly eliminate the one-witness requirement, <u>see</u> 2020 N.C. Sess. Laws 2020-17 (H.B. 1169) § 1.(a), whether

- 3 -

Case 1:20-cv-00457-WO-JLW   Document 149   Filed 10/01/20   Page 3 of 4

this court should issue a restraining order pending final resolution of these issues.

**IT IS THEREFORE ORDERED** that Executive and Legislative Defendants are directed to file a response, not to exceed 20 pages, to Plaintiffs' Motion for Expedited Consideration on or before October 2, 2020, at 12:00 p.m., addressing those areas set out herein.

This the 1st day of October, 2020.

/s/ William L. Osteen, Jr.
United States District Judge

- 4 -

Case 1:20-cv-00457-WO-JLW   Document 149   Filed 10/01/20   Page 4 of 4