IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DEMOCRACY NORTH CAROLINA, THE LEAGUE OF WOMEN VOTERS OF NORTH CAROLINA, DONNA PERMAR, JOHN P. CLARK, MARGARET B. CATES, LELIA BENTLEY, REGINA WHITNEY EDWARDS, ROBERT K. PRIDDY II, SUSAN SCHAFFER, and WALTER HUTCHINS, | ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:20CV457 |
| THE NORTH CAROLINA STATE BOARD OF ELECTIONS, DAMON CIRCOSTA, in his official capacity as CHAIR OF THE STATE BOARD OF ELECTIONS, STELLA ANDERSON, in her official capacity as SECRETARY OF THE STATE BOARD OF ELECTIONS, KEN RAYMOND, in his official capacity as MEMBER OF THE STATE BOARD OF ELECTIONS, JEFF CARMON III, in his official capacity as MEMBER OF THE STATE BOARD OF ELECTIONS, DAVID C. BLACK, in his official capacity as MEMBER OF THE STATE BOARD OF ELECTIONS, KAREN BRINSON BELL, in her official capacity as EXECUTIVE DIRECTOR OF THE STATE BOARD OF ELECTIONS, THE NORTH CAROLINA DEPARTMENT OF | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

```
TRANSPORTATION, J. ERIC         )
BOYETTE, in his official        )
capacity as TRANSPORTATION      )
SECRETARY, THE NORTH            )
CAROLINA DEPARTMENT OF          )
HEALTH AND HUMAN SERVICES,      )
and MANDY COHEN, in her         )
official capacity as            )
SECRETARY OF HEALTH AND         )
HUMAN SERVICES,                 )
                                )
            Defendants.         )
                                )
    and                         )
                                )
PHILIP E. BERGER, in his        )
official capacity as            )
PRESIDENT PRO TEMPORE OF THE    )
NORTH CAROLINA SENATE, and      )
TIMOTHY K. MOORE, in his        )
official capacity as SPEAKER    )
OF THE NORTH CAROLINA HOUSE     )
OF REPRESENTATIVES,             )
                                )
    Defendant-Intervenors.      )
```

**ORDER**

On October 1, 2020, this court ordered, (Doc. 149), Executive and Legislative Defendants to file a response to Plaintiffs' Motion to Enforce Order Granting in Part Preliminary Injunction or, in the Alternative, Motion for Clarification, and to Expedite Consideration of Same, (see Doc. 147). Executive and Legislative Defendants have filed those required responses. (Docs. 150, 151.) Following review, this court finds additional briefing would assist the court. In addition to the status

conference, this court will hear oral argument on Wednesday, October 7, 2020, at 2:00 p.m.

Several issues have not been fully addressed as a result of the previous briefing. The court will outline those issues here.

I. **CONSTITUTIONAL QUESTIONS**

First, Executive Defendants contend that:

> consideration of whether Numbered Memo 2020-19 comports with the witness requirement under state law is beyond the scope of this Court's jurisdiction. Where a challenge to a state official's action is made on the basis of state law, sovereign immunity bars a federal court from granting relief. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 124-25 (1984) ("[T]he federal courts lack[] jurisdiction to enjoin . . . state officials on the basis of . . . state law."). "[S]overeign immunity . . . bars a court's grant of any type of relief . . . based upon a State official's violation of State law." Bragg v. W. Va. Coal Ass'n, 248 F.3d 275, 293 (4th Cir. 2001).

(Doc. 151 at 14.) While perhaps true, that argument does not respond to this court's concern with respect to Memo 2020-19. As the Supreme Court has explained, it is the Legislature, not a state executive body, that establishes the rules of the election process.

> The individual citizen has no federal constitutional right to vote for electors for the President of the United States unless and until the state legislature chooses a statewide election as the means to implement its power to appoint members of the electoral college. U.S. Const., Art. II, § 1. This is the source for the statement in McPherson v. Blacker, 146 U.S. 1, 35, 13 S. Ct. 3, 36 L. Ed. 869 (1892), that the state legislature's power to select the manner for appointing electors is plenary; it may, if

-3-

> it so chooses, select the electors itself, which indeed was the manner used by state legislatures in several States for many years after the framing of our Constitution. Id., at 28–33, 13 S. Ct. 3. History has now favored the voter, and in each of the several States the citizens themselves vote for Presidential electors. When the state legislature vests the right to vote for President in its people, the right to vote as the legislature has prescribed is fundamental; and one source of its fundamental nature lies in the equal weight accorded to each vote and the equal dignity owed to each voter. The State, of course, after granting the franchise in the special context of Article II, can take back the power to appoint electors. See id., at 35, 13 S. Ct. 3 ("'[T]here is no doubt of the right of the legislature to resume the power at any time, for it can neither be taken away nor abdicated'") (quoting S. Rep. No. 395, 43d Cong., 1st Sess., 9 (1874)).

Bush v. Gore, 531 U.S. 98, 104 (2000) (per curiam). In McPherson v. Blacker, the Supreme Court:

> explained that Art. II, § 1, cl. 2, "convey[s] the broadest power of determination" and "leaves it to the legislature exclusively to define the method" of appointment. 146 U.S., at 27, 13 S. Ct. 3. A significant departure from the legislative scheme for appointing Presidential electors presents a federal constitutional question.

Bush, 531 U.S. at 113 (CJ Rehnquist, J. Scalia, J. Thomas, concurring) (citing McPherson v. Blacker, 146 U.S. 1 (1892)).

Contrary to Executive Defendants' suggestion, this court does not intend to instruct state officials on how to conform their conduct to state law. Instead, this court intends to address whether the North Carolina State Board of Elections, by and through its most recent Memo 2020-19, has, through Executive

-4-

action, unconstitutionally modified the North Carolina legislative scheme for appointing Presidential electors. That is a constitutional question, not a question of state law.

## II. NEED FOR ADDITIONAL INJUNCTIVE RELIEF

The Anti-Injunction Act provides:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

28 U.S.C. § 2283. Here, this court entered a preliminary injunction upholding the one-witness requirement against Plaintiffs' challenge, while also ordering Executive Defendants to provide due process before rejecting absentee ballots that require remediation. (Doc. 124.) This court has now been advised that the procedure set out by Memo 2020-19 on September 22, 2020, is an effort to comply with this court's injunction. (See Doc. 151 at 10-13; Doc. 143.)[1] If this court should find the current Memo 2020-19 was used to eliminate the one-witness requirement in whole or in part, that suggests this court's preliminary injunction was used to obtain relief this court denied in the first instance. Under those circumstances, the court would be compelled to find an additional injunction is

---

[1] All citations in this Order to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

necessary to "protect or effectuate" the preliminary injunction order. 28 U.S.C. § 2283.

Legislative Defendants have suggested a restraining order should be issued, (Doc. 150 at 6), but no such motion has been made before this court. This court is not aware of any authority that would permit it to issue an injunction sua sponte.

III. **APPLICATION OF PURCELL**

Plaintiffs' Motion to Enforce Order Granting in Part Preliminary Injunction or, in the Alternative, Motion for Clarification, and to Expedite Consideration of Same, (Doc. 147), was filed on September 30, 2020, at 11:04 p.m., two days after Executive Defendants filed the Notice of Filing, (Doc. 143), alleging Memo 2020-19 was issued "consistent with" this court's preliminary injunction order, (Doc. 124). Plaintiffs' motion was issued after this court entered its order expressing concern regarding Memo 2020-19. (See Doc. 145.)

Plaintiffs are aware of Purcell v. Gonzalez, 549 U.S. 1 (2006), and its limitations on federal court intervention in elections. (See, e.g., Doc. 74 at 52) ("Purcell directs federal courts to weigh 'considerations specific to election cases' — namely the risks of voter of confusion, increased administrative burdens, and suppressed turnout — amongst the normal equitable factors for issuance of an injunction."). Nevertheless, the

-6-

motion submitted by Plaintiffs is accompanied by an August 26, 2020 letter from Plaintiffs' counsel to Executive Defendants - more than one month ago, and eight days before voting started on September 4, 2020 - in which Plaintiffs acknowledged the need for timely injunctive relief prior to the start of the election. (Doc. 148-4 at 4.) Specifically, Plaintiffs stated that "[a]s counties will start mailing absentee ballots on September 4, 2020, and thus begin receiving them shortly thereafter, Plaintiffs may find it necessary to file an affirmative motion to enforce the injunction should Defendants fail to implement an adequate law or rule by this date." (Id.)

However, Plaintiffs inexplicably waited more than 30 days to file any request with this court, (Doc. 147), only filing their motion after this court expressed its concern with Memo 2020-19 and the reasons for its creation, (Doc. 145). Plaintiffs, at this time, have offered no explanation for their delay in seeking relief from this court. Plaintiffs have not yet addressed whether the court can now grant additional relief, in light of Purcell, and if so, why Plaintiffs delayed in making a request to this court.

### IV. DEFINITION OF A "MATERIAL ERROR SUBJECT TO REMEDIATION"

Plaintiffs' brief, (Doc. 148), fails to explain what constitutes a material error subject to remediation. For

example, in entering the preliminary injunction order, this court contemplated that some errors were not subject to remediation, hence the limitation expressed in the order. (See Doc. 124 at 182) (applying the order only to "those ballots with a material error that is subject to remediation"). In that regard, and absent any objection, it is not clear why the initial Memo 2020-19, issued on August 21, 2020, (Doc. 148-3), was insufficient to comply with this court's order.

## V.     CONCLUSION

In view of the foregoing, this court finds as follows. First, Plaintiffs' Motion to Enforce Order Granting in Part Preliminary Injunction or, in the Alternative, Motion for Clarification, and to Expedite Consideration of Same, (Doc. 147), should be granted in part and denied in part. The motion will be granted as to the request for expedited consideration. The motion will be denied without prejudice in all other respects.

The court further finds that on or before Monday, October 5, 2020, at 5:00 p.m., any party requesting affirmative relief from this court – be it construction and enforcement of this court's order, (Doc. 124), or injunctive relief of some description – shall file a motion setting out the basis for that relief. That motion shall also respond to the issues raised

-8-

herein. On or before Tuesday, October 6, 2020, at 4:00 p.m., any party objecting to any requested affirmative relief shall file a response. Replies will not be permitted. The parties should be prepared for oral argument on Wednesday, October 7, 2020, at 2:00 p.m.

Any opening briefs and responsive briefs shall be no more than 5,500 words.

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Enforce Order Granting in Part Preliminary Injunction or, in the Alternative, Motion for Clarification, and to Expedite Consideration of Same, (Doc. 147), is **GRANTED IN PART AND DENIED IN PART**. The motion is **GRANTED** as to the request for expedited consideration. The motion is **DENIED WITHOUT PREJUDICE** in all other respects.

**IT IS FURTHER ORDERED** that the parties shall comply with this Order as set out herein.

This the 2nd day of October, 2020.

                              /s/ William L. Osteen, Jr.
                              United States District Judge