IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DEMOCRACY NORTH CAROLINA, THE LEAGUE OF WOMEN VOTERS OF NORTH CAROLINA, DONNA PERMAR, JOHN P. CLARK, MARGARET B. CATES, LELIA BENTLEY, REGINA WHITNEY EDWARDS, ROBERT K. PRIDDY II, WALTER HUTCHINS, AND SUSAN SCHAFFER,<br><br>        Plaintiffs,<br><br>vs.<br><br>THE NORTH CAROLINA STATE BOARD OF ELECTIONS; DAMON CIRCOSTA, in his official capacity as CHAIR OF THE STATE BOARD OF ELECTIONS; STELLA ANDERSON, in her official capacity as SECRETARY OF THE STATE BOARD OF ELECTIONS; KEN RAYMOND, in his official capacity as MEMBER OF THE STATE BOARD OF ELECTIONS; JEFF CARMON III, in his official capacity as MEMBER OF THE STATE BOARD OF ELECTIONS; DAVID C. BLACK, in his official capacity as MEMBER OF THE STATE BOARD OF ELECTIONS; KAREN BRINSON BELL, in her official capacity as EXECUTIVE DIRECTOR OF THE STATE BOARD OF ELECTIONS; THE NORTH CAROLINA DEPARTMENT OF TRANSPORTATION; J. ERIC BOYETTE, in his official capacity as TRANSPORTATION SECRETARY; THE NORTH CAROLINA DEPARTMENT OF HEALTH AND | Civil Action No. 20-cv-457<br><br>**REPUBLICAN COMMITTEES' MOTION FOR RECONSIDERATION AND MEMORANDUM OF LAW IN SUPPORT** |

HUMAN SERVICES; MANDY COHEN, in her official capacity as SECRETARY OF HEALTH AND HUMAN SERVICES,

        Defendants,

and

PHILIP E. BERGER, in his official capacity as President Pro Tempore of the North Carolina Senate, and TIMOTHY K. MOORE, in his official capacity as Speaker of the North Carolina House of Representatives,

        Intervenor-Defendants.

## MEMORANDUM OF LAW IN SUPPORT OF REPUBLICAN COMMITTEES' MOTION FOR RECONSIDERATION

# INTRODUCTION

Circumstances have changed dramatically since this Court originally denied the motion to intervene by Proposed Intervenor-Defendants the Republican National Committee ("RNC"), National Republican Senatorial Committee ("NRSC"), National Republican Congressional Committee ("NRCC"), and North Carolina Republican Party ("NCRP") (collectively the "Republican Committees"). Based on those changes, the Republican Committees urge the Court to reconsider its June 24, 2020 order denying the Republican Committees' motion to intervene, and the Court's June 30, 2020 order denying the Republican Committees' motion for reconsideration. Among the material developments are:

*First*, the Executive Defendants have recently entered into a settlement agreement which effectively undermines North Carolina's existing election laws. This settlement is directly opposed to the Republican Committees' interests and demonstrates that the Republican Committees' interests in this matter are not being adequately protected by the Executive Defendants. *Second*, the Republican Committees have sued the Executive Defendants in a case that was recently transferred to this Court, along with another related case brought by the Legislative Defendants against the Executive Defendants.[1] Allowing the Republican

---

[1] *See Wise v. North Carolina State Board of Elections*, No. 1:20-CV-912; *Moore v. Damon Circosta*, No. 1:20-CV-911.

1

Committees to participate fully in this case will ensure that overlapping issues are fully and efficiently presented to the Court and that the interests of all parties will be sufficiently protected. *Third*, the concerns regarding efficiency that the Court expressed about the administration of discovery and additional participants in the preliminary injunction hearing are no longer pressing.

Accordingly, the Republican Committees urge the Court to reconsider its earlier rulings and allow the Republican Committees to participate as parties in this case.

## BACKGROUND

On June 19, 2020, the Republican Committees moved to intervene by right and by permissive intervention in order to uphold the North Carolina election laws challenged by Plaintiffs and prevent the diversion of financial and personnel resources to address abrupt changes to voting procedures only months before an election. Mot. to Intervene at 4 (Dkt. 33). On June 24, the court denied the motion to intervene on both grounds. The Court held that the Republican Committees had no right to intervention because their interest in "the current lawfully enacted requirements" would be adequately represented by the parties already in the case. Order at 4 (Dkt. 48). With respect to permissive intervention, the court determined that granting the Republican Committees' motion to intervene would "likely unnecessarily extend fact-finding, discovery, and evidentiary hearings, thereby

resulting in inefficiencies and undue delay of the resolution of these matters." *Id.* at 7.

On June 26, 2020, the Republican Committees moved for reconsideration of the Court's order. Mot. for Reconsideration (Dkt. 53). The Court denied the Republican Committees' motion on June 30, 2020, but did grant the Republican Committees' motion to participate as *amici curiae*.[2]

Since the Court's decision, a number of important factual developments have taken place. On September 22, 2020, the Executive Defendants unilaterally entered into a settlement agreement with the plaintiffs in *Alliance* and *Stringer*, two cases involving many of the same election laws at issue in this case. *See North Carolina Alliance of Retired Americans v. North Carolina State Board of Elections*, Case No. 20-CVS-8881 (Wake Cty. Sup. Ct.) (hereinafter "*Alliance*"); *Stringer v. North Carolina State Board of Elections*, Case No. 20-CVS-5615. The Consent Judgment announced by the Executive Defendants in tandem with the settlement adopted changes to several of the absentee voting procedures at issue in this case that the Republican Committees strongly oppose. *See* Sept. 22, 2020 Joint Motion for Entry of a Consent Judgment (attached as Exhibit A). This unilateral and collusive action

---

[2] The Republican Committees filed an interlocutory appeal of the Court's decision to deny its motion to intervene. *See* Dkt. 70. The Republican Committees have since filed a notice of voluntary dismissal. *See* Motion for Voluntary Dismissal, *League of Women Voters v. RNC*, Case No. 20-1728 (4th Cir.).

undermines any argument that the Executive Defendants would adequately represent the Republican Committees' interests in this litigation.

In the wake of the Executive Defendants' announcement, the Republican Committees filed a new action and motion for temporary restraining order in the Eastern District of North Carolina. *See Wise* (Dkt. 3), No. 1:20-CV-912. In their motion, the Republican Committees argued that the Consent Judgment violates the elections, electors, and equal protection clauses of the United States Constitution. *Id.*, Dkt. 4. On October 2, 2020, Judge Dever held a hearing on the Republican Committees' motion, which he granted the following day. *Id.*, Dkt. 25. Judge Dever also transferred the case to this Court along with *Moore*, the related case which had been filed by the Legislative Defendants. Both cases are now pending before this Court.

## **LEGAL STANDARD**

Rule 54(b) of the Federal Rules of Civil Procedure "provides that 'any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." *Parker v. John Moriarty & Assocs.*, 221 F. Supp. 3d 1, 2 (D.D.C. 2016) (quoting Fed. R. Civ. Proc. 54(b)). "The Fourth Circuit has held that a motion for reconsideration under Rule 54 is not subject to the same 'strict standards' applicable to motions for reconsideration

4

of a final judgment." *Galeas v. FNU Walrath*, No. 3:11-CV-163-RJC, 2012 WL 664927, at *1 (W.D.N.C. Feb. 29, 2012) (quoting *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003)). As this Court noted in its prior order, motions for reconsideration should be granted when there has been "(1) the discovery of new evidence, (2) an intervening development or change in the controlling law, or (3) the need to correct a clear error or prevent manifest injustice." June 30, 2020 Order, at 3 (quoting *Pender v. Bank of Am. Corp.*, No. 3:05-CV-238-MU, 2011 WL 62115, at *1 (W.D.N.C. Jan. 7, 2011)).

## ARGUMENT

Reconsideration is appropriate in this circumstance because of the numerous factual changes that have occurred since the Court issued its original order. *First*, the Executive Defendants have recently entered into a unilateral and collusive settlement with the plaintiffs in other related cases. This settlement and associated Consent Judgment adopt changes to several of the absentee voting procedures at issue in this case that the Republican Committees strongly oppose, including the Witness Requirement and the Receipt Deadline. *See* Exhibit A. This completely undermines the Court's original decision—based upon representations made by the Executive Defendants—that the Executive Defendants are adequately protecting the Republican Committees' interests in this case. *See* Order (Dkt. 48), at 4. Accordingly, the Republican Committees meet a material factor for intervention by

5

right. *See* Fed. R. Civ. P. 24(a) ("the court must permit anyone to intervene who . . . (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, *unless existing parties adequately represent that interest*.") (emphasis added). Indeed, other courts have granted motions to intervene in similar situations. *See, e.g.*, *League of Women Voters of Va. v. Va. State Bd.*, No. 6:20-cv-00024, Dkt. 60, at *9 (W.D. Va. Apr. 29, 2020) (granting motion to intervene where governmental party had agreed to enter a consent decree). The Legislative Defendants represent the institutional interests of the General Assembly, and do not have the same interests as the Republican Committees. Indeed, the Legislative Defendants did not oppose the Republican Committees' original motion to intervene in this case.

*Second*, the Republican Committees are plaintiffs in a related case challenging the Executive Defendants' collusive Consent Judgment. *See Wise*, No. 1:20-CV-912. This case has since been transferred to this Court along with another similar case filed by the Legislative Defendants, *see Moore*, No. 1:20-CV-911, and both actions may very well be consolidated with this action considering the significant overlap in the issues at stake in all three cases. The Fourth Circuit has held that "liberal intervention is desirable to dispose of as much of a controversy involving as many apparently concerned persons as is compatible with efficiency and due

6

process." *Feller v. Brock*, 802 F.2d 722, 729 (4th Cir. 1986) (internal quotation marks omitted). Given the related voting statutes at issue among these cases, it is appropriate to allow the Republican Committees to intervene in this case in order for all of the parties' interests to be heard and for all of the issues to be effectively and efficiently placed before this Court.

*Third*, the Court's concern that the Republican Committees' presence in the case would "result[] in inefficiencies and undue delay of the resolution of these matters" by "unnecessarily extend[ing] fact-finding, discovery, and evidentiary hearings" is no longer applicable. During the hearing on the Republican Committees' motion to intervene, the Court was particularly concerned about the effect allowing the Republican Committees to intervene would have on the upcoming hearing on Plaintiff's motion for preliminary injunction, which at that time was quickly approaching. That hearing, of course, happened months ago. Since then, the parties have engaged in significant litigation in both federal and state courts, some of which have allowed the Republican Committees to intervene. The Republican Committees have never caused delay of these cases; indeed, the Republican Committees have been prompt and timely with all of their filings. And by virtue of being plaintiffs in the Wise case, the Republican Committees will participate in the upcoming hearing before this Court on October 7. Allowing the Republican Committees to intervene now will not cause any further delay or

7

inefficiency. In fact, it will increase judicial efficiency and protect the interests of the parties by placing this case on equal footing with the related *Wise* and *Moore* cases.

Because of these factual developments which have occurred since the Court's prior orders, the Republican Committees respectfully request that the Court reconsider its ruling and enter an order granting intervention.

## **CONCLUSION**

For the foregoing reasons, the Republican Committees urge the Court to grant their motion for reconsideration and admit them as intervenors with all the rights of a defendant in this litigation.

Respectfully submitted this 5th day of October, 2020.

*/s/ Bobby R. Burchfield*
Bobby R. Burchfield
Matthew M. Leland
KING & SPALDING LLP
1700 Pennsylvania Avenue, N.W. Suite 200
Washington, D.C. 20006
Telephone: (202) 626-5524
Email: bburchfield@kslaw.com
Email: mleland@kslaw.com

R. Scott Tobin (N.C. Bar No. 34317)
TAYLOR ENGLISH DUMA LLP
4208 Six Forks Road, Suite 1000
Raleigh, North Carolina 27609
Telephone: (404) 640-5951
Email: stobin@taylorenglish.com

*Counsel for the Republican Committees*

# CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.3(d)(1), the undersigned certifies that the word count for this Memorandum is 1632 words. The word count excludes the case caption, signature lines, cover page, and required certificates of counsel. In making this certification, the undersigned has relied upon the word count of Microsoft Word, which was used to prepare the brief.

*/s/ Bobby R. Burchfield*
Bobby R. Burchfield

# CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which automatically sends e-mail notification of such filing to any attorneys of record.

This 5th day of October, 2020.

*/s/ Bobby R. Burchfield*
Bobby R. Burchfield
