IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

DEMOCRACY NORTH CAROLINA,            )
THE LEAGUE OF WOMEN VOTERS           )
OF NORTH CAROLINA,                   )
DONNA PERMAR, JOHN P. CLARK,         )
MARGARET B. CATES,                   )
LELIA BENTLEY, REGINA WHITNEY        )
EDWARDS, ROBERT K. PRIDDY II,        )
SUSAN SCHAFFER, and                  )
WALTER HUTCHINS,                     )
                                     )
            Plaintiffs,              )
                                     )
    v.                               )        1:20CV457
                                     )
THE NORTH CAROLINA STATE             )
BOARD OF ELECTIONS,                  )
DAMON CIRCOSTA, in his               )
official capacity as CHAIR           )
OF THE STATE BOARD OF                )
ELECTIONS, STELLA ANDERSON,          )
in her official capacity as          )
SECRETARY OF THE STATE               )
BOARD OF ELECTIONS,                  )
KEN RAYMOND, in his official         )
capacity as MEMBER OF THE            )
STATE BOARD OF ELECTIONS,            )
JEFF CARMON III, in his              )
official capacity as MEMBER          )
OF THE STATE BOARD OF                )
ELECTIONS, DAVID C. BLACK,           )
in his official capacity as          )
MEMBER OF THE STATE BOARD            )
OF ELECTIONS, KAREN BRINSON          )
BELL, in her official                )
capacity as EXECUTIVE                )
DIRECTOR OF THE STATE BOARD          )
OF ELECTIONS, THE NORTH              )
CAROLINA DEPARTMENT OF               )

| | |
|---|---|
| TRANSPORTATION, J. ERIC | ) |
| BOYETTE, in his official | ) |
| capacity as TRANSPORTATION | ) |
| SECRETARY, THE NORTH | ) |
| CAROLINA DEPARTMENT OF | ) |
| HEALTH AND HUMAN SERVICES, | ) |
| and MANDY COHEN, in her | ) |
| official capacity as | ) |
| SECRETARY OF HEALTH AND | ) |
| HUMAN SERVICES, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| and | ) |
| | ) |
| PHILIP E. BERGER, in his | ) |
| official capacity as | ) |
| PRESIDENT PRO TEMPORE OF THE | ) |
| NORTH CAROLINA SENATE, and | ) |
| TIMOTHY K. MOORE, in his | ) |
| official capacity as SPEAKER | ) |
| OF THE NORTH CAROLINA HOUSE | ) |
| OF REPRESENTATIVES, | ) |
| | ) |
| Defendant-Intervenors. | ) |

**ORDER**

Defendant-Intervenors Phillip E. Berger and Timothy K. Moore ("Legislative Defendants") move this court, (Doc. 170), to clarify its October 14, 2020 order ("the October Order"), (Doc. 169), which enjoined Defendant North Carolina State Board of Elections ("Executive Defendants" or "the SBE") from curing ballots that lack a witness signature. Legislative Defendants request that this court further enjoin the cure of any ballots

which have "the voter's information in the place of the witness" or else lack all of the following: (1) a printed witness name, (2) any part of a witness address, and (3) a legible witness signature. (Doc. 170 at 1-2.) Legislative Defendants argue these defects "mak[e] it impossible to identify the witness" and curing such ballots would therefore be in violation of the statutory witness requirement. (Id. at 2.)

This court's All Writs Act October Order specifically prohibited Executive Defendants from relying on the Due Process rights established by this court in its Memorandum Opinion and Order on August 4, 2020 ("August Order") (Doc. 124), to avoid a state statutory requirement. (October Order (Doc. 169) at 32.) The injunctive relief ordered by this court concerned the initial decision county boards must make, based on uniform guidance from the SBE, to determine whether a ballot must be spoiled or if it may be cured. A due process right to notice and an opportunity to be heard is not synonymous with notice and a right to cure. It remains consistent with this court's August Order that some ballot errors may not be subject to remediation and cannot be fixed via a "cure" process. Moreover, while a cure procedure is one way to ensure a voter has both notice and an opportunity to be heard, it is not specifically required by due process or by this court's August Order.

The SBE's current guidance, as acknowledged by the Legislative Defendants in their brief, complies with both the August and October Orders on their face. (Doc. 171 at 17.) This court simply enjoined the SBE from attempting to "cure" those ballots that are missing a witness signature and therefore required spoliation. (October Order (Doc. 169) at 40-41.) The SBE's October Revised Numbered Memo 2020-19, (Doc. 171-3), adjusted the SBE's list of which errors were curable and which required spoliation accordingly. This court made clear that other errors may be curable, "such as a witness signature on the wrong line or an incomplete address," (October Order (Doc. 169) at 41).[1] Notably, however, this court would not permit approval of "an absentee ballot which has not been executed in accordance with H.B. 1169." (Id. at 39.) Based on the evidence before this court, this court finds that the SBE's guidance regarding the eligibility of ballots to be cured is in compliance with the August and October orders.

---

[1] This court also referred to "incomplete witness information" as remediable in its August Order. (August Order (Doc. 124) at 156.) This language was broad, and to avoid any misunderstanding now or in the future, this court wishes to clarify that a missing witness signature does not fall within the intended scope of "incomplete witness information." This language was originally intended as shorthand for lesser issues such as incomplete address information or a missing printed witness name.

- 4 -

Setting aside the determination of whether ballots must be spoiled or may be cured, this court has substantial concerns about whether the cure process is, in fact, in accordance with H.B. 1169. The SBE appears to have abdicated its responsibility to acquire all witness information required by statute before counting a ballot. For a returned absentee ballot to be "accepted and processed," North Carolina law requires that the ballot be (1) marked in the presence of a qualified witness; and that the ballot contain (2) the signature of the witness; (3) the printed name of the witness; and (4) the address of the witness. N.C. Sess. Laws 2020-17 (H.B. 1169) § 1.(a). In support of their motion, Legislative Defendants submitted the affidavit of Linda Devore, who states in relevant part:

> At our meeting, the County Board approved (over my objection) 14 ballots with witness cure affidavits despite the fact that the return envelope for those ballots had no witness address at all (as opposed to missing a zip code or other minor defect), no printed witness name at all, and only a scratched mark, initials, or some other illegible witness signature of some sort in the place of the required witness signature, making the witness anonymous.
>
> . . . .
>
> The 14 ballots contained in Ex. A. were accepted despite the fact that the existence of an actual witness (and thus compliance with the witness requirement) is unknown, and despite the fact that any alleged witness is completely anonymous. Should any of these ballots be challenged or if the need arises to investigate any of these ballots, it would be

- 5 -

> impossible to contact the witness. The cure affidavits submitted to correct the defects on the ballot-return envelopes did not provide any of the missing information and in no way would enable someone to know who the witness actually was or to be able to contact that witness should the need arise.

(Declaration of Linda Devore (Doc. 171-5) ¶¶ 5, 7.) The affidavit of Mary Potter Summa, (Doc. 171-6), contains similar allegations regarding the Mecklenburg County Board of Elections – that is, absentee ballots were approved and accepted despite missing witness names and addresses, and without a cure process that would subsequently remedy the ballot by acquiring that information. (See id. at 3-4.)

However, this motion for clarification may be an inappropriate vehicle to address such concerns, as Legislative Defendants appear to be requesting that this court order state actors to comply with state law. Plaintiffs argue that Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984), counsels this court against issuing additional injunctive relief, (Doc. 176 at 2), although Plaintiffs lack standing to assert any rights on behalf of the state under Pennhurst. Legislative Defendants address these arguments in their reply to this Motion, (Doc. 182 at 8-10). Although the Executive Defendants briefed Pennhurst at an earlier time in this case, (Doc. 151 at 14), they have not addressed it in their brief on this issue.

- 6 -

Under Pennhurst, courts are prohibited from directing state actors to implement state law in a particular fashion, absent a relevant federal claim to justify the federal court's involvement. The arguments currently before this court suggest that Pennhurst counsels this court should deny relief in the absence of a relevant federal claim in this case. Although the state action may give rise to a future relevant claim, e.g. Equal Protection, no such claim has been brought in this case. See, e.g., Texas Democratic Party v. Abbott, 961 F. 3d 389, 401 (5th Cir. 2020) ("The complaint seeks to prevent the enforcement of provisions of the Texas Election Code that the Plaintiffs believe violate the Constitution."). To issue the relief requested here, in light of Pennhurst, appears to require invocation of a claim not currently present in this case.[2] This court cannot resolve this Motion to Clarify until the issue of Pennhurst's applicability to an order of this court clarifying the cure procedure itself is fully briefed and resolved.

**IT IS THEREFORE ORDERED** that the parties are to submit briefs to this court regarding one specific issue: whether this

---

[2] To be clear, this court is not suggesting the pleadings can or should be amended at this late date to allege a claim that might support injunctive relief. The court is describing this issue at length to permit the parties to succinctly address the issue.

court is prohibited by Pennhurst from entering an injunction based upon a finding that the SBE's cure procedure permits local boards to accept and approve ballots without obtaining the necessary witness information required by H.B. 1169. The briefs should be no longer than 1,700 words each and should be submitted by 11:00 a.m. on October 30, 2020.

This the 29th day of October, 2020.

/s/ William L. Osteen, Jr.
United States District Judge