IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| DEMOCRACY NORTH CAROLINA, THE LEAGUE OF WOMEN VOTERS OF NORTH CAROLINA, DONNA PERMAR, JOHN P. CLARK, MARGARET B. CATES, LELIA BENTLEY, REGINA WHITNEY EDWARDS, ROBERT K. PRIDDY II, SUSAN SCHAFFER, and WALTER HUTCHINS, | ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:20CV457 |
| THE NORTH CAROLINA STATE BOARD OF ELECTIONS, DAMON CIRCOSTA, in his official capacity as CHAIR OF THE STATE BOARD OF ELECTIONS, STELLA ANDERSON, in her official capacity as SECRETARY OF THE STATE BOARD OF ELECTIONS, KEN RAYMOND, in his official capacity as MEMBER OF THE STATE BOARD OF ELECTIONS, JEFF CARMON III, in his official capacity as MEMBER OF THE STATE BOARD OF ELECTIONS, DAVID C. BLACK, in his official capacity as MEMBER OF THE STATE BOARD OF ELECTIONS, KAREN BRINSON BELL, in her official capacity as EXECUTIVE DIRECTOR OF THE STATE BOARD OF ELECTIONS, THE NORTH CAROLINA DEPARTMENT OF | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |

TRANSPORTATION, J. ERIC       )
BOYETTE, in his official      )
capacity as TRANSPORTATION    )
SECRETARY, THE NORTH          )
CAROLINA DEPARTMENT OF        )
HEALTH AND HUMAN SERVICES,    )
and MANDY COHEN, in her       )
official capacity as          )
SECRETARY OF HEALTH AND       )
HUMAN SERVICES,               )
                              )
            Defendants.       )
                              )
    and                       )
                              )
PHILIP E. BERGER, in his      )
official capacity as          )
PRESIDENT PRO TEMPORE OF THE  )
NORTH CAROLINA SENATE, and    )
TIMOTHY K. MOORE, in his      )
official capacity as SPEAKER  )
OF THE NORTH CAROLINA HOUSE   )
OF REPRESENTATIVES,           )
                              )
        Defendant-Intervenors.)

## ORDER

Three motions are pending before this court, including two motions to dismiss and a motion to file a Third Amended Complaint. The Motion to Dismiss Plaintiffs' Second Amended Complaint, (Doc. 71), filed by Legislative Defendants, and the Motion to Dismiss, (Doc. 118), filed by State Defendants relate to the Second Amended Complaint, (Doc. 30), which was then pending. After the motions to dismiss, (Docs. 71, 118), were

filed, Plaintiffs moved for leave to file a Third Amended Complaint, (Doc. 120). As will be explained hereafter, this court will grant the motion to amend the complaint, (Doc. 120), and deny the motions to dismiss as moot in light of the Third Amended Complaint. However, before an answer or further responses to the Third Amended Complaint are filed, this court will require Plaintiffs to address whether this case is ripe or whether it has become moot.

Plaintiffs have moved for leave to file a Third Amended Complaint. (Doc. 120). After careful review, this court finds the motion to amend should be allowed. Under the federal rules, leave to amend should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). This court will not deny a request to amend a pleading unless "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Johnson v. Oroweat Foods Co., 785 F.2d 503, 509–10 (4th Cir. 1986) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)); see also Ostrzenski v. Seigel, 177 F.3d 245, 252–53 (4th Cir. 1999) ("The federal rule policy of deciding cases on the basis of the substantive rights involved rather than on technicalities requires that plaintiff be given every opportunity to cure a formal defect in his pleading.") (quoting 5A Charles Allen

- 3 -

Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 360-67 (2d ed. 1990)). In this case, while there have been extensive pretrial proceedings, the case has yet to proceed through normal discovery and trial. This court does not find that prejudice, bad faith, or futility merit denying the motion to amend, (Doc. 120), at this stage of the proceedings.

Also before the court is a Motion to Dismiss Plaintiffs' Second Amended Complaint, (Doc. 71), filed by Legislative Defendants, and a Motion to Dismiss, (Doc. 118), filed by State Defendants. Both motions to dismiss are directed to the Second Amended Complaint. Plaintiffs' motion to amend, (Doc. 120), will be granted by this order and, as a result, Plaintiffs shall file the Third Amended Complaint. Because the Third Amended Complaint will be the operative pleading, the Second Amended Complaint, (Doc. 30), will be of no legal effect and the motions to dismiss, (Docs. 71, 118) will be moot and will therefore be denied. See Young v. City of Mount Rainer, 238 F.3d 567, 572 (4th Cir. 2001). Consequently, this court will deny the motions to dismiss without prejudice to Defendants filing a new motion after the Third Amended Complaint is filed. If the Third Amended Complaint does not contain significant substantive changes from the Second Amended Complaint, Legislative Defendants and State

Defendants will be permitted to refile those briefs if appropriate.

However, before Defendants are required to respond to the Third Amended Complaint, this court will stay the deadlines for filing an answer or other response to the Third Amended Complaint. In addition to the filing of a Third Amended Complaint, Plaintiffs are directed to file a brief within 14 days of this order explaining whether this action is moot or not ripe. This court is considering specifically whether this action is either moot as to the November 2020 election or not ripe as to any future election. Circumstances as to COVID-19 are different now from November 2020 and those circumstances will continue to change. Plaintiffs' brief shall address the question of whether this action is now moot as to the November 2020 election or not ripe as to any future election. If Plaintiffs agree this action is now moot or not ripe, Plaintiffs shall explain their position as to how, if at all, this action should proceed. Plaintiffs shall have 14 days from the date of this order to file their brief. Legislative Defendants and State Defendants may file a response within 14 days of Plaintiffs' response. No reply will be permitted.

**IT IS THEREFORE ORDERED** that Plaintiffs' motion to amend, (Doc. 120), is **GRANTED** and that Plaintiffs shall file the Third Amended Complaint within ten (10) of the entry of this order.

**IT IS FURTHER ORDERED** that the Legislative Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint, (Doc. 71), and State Defendants' Motion to Dismiss, (Doc. 118) are **DENIED WITHOUT PREJUDICE** as **MOOT**.

**IT IS FURTHER ORDERED** that the deadlines for Legislative Defendants and State Defendants filing of an answer or other response to the Third Amended Complaint are **STAYED** until a further order of this court is entered.

**IT IS FURTHER ORDERED** that Plaintiffs shall file a brief within 14 days from the date of this order addressing the issues described herein. Legislative Defendants and State Defendants shall file a response, if any, within 14 days of the filing of Plaintiffs' brief.

This the 8th day of March, 2021.

/s/ William L. Osteen, Jr.
United States District Judge