| | | |
|---|---|---|
| DEMOCRACY NORTH CAROLINA, THE LEAGUE OF WOMEN VOTERS OF NORTH CAROLINA, JOHN P. CLARK LELIA BENTLEY, REGINA WHITNEY EDWARDS, ROBERT K. PRIDDY II, SUSAN SCHAFFER, and WALTER HUTCHINS, | ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:20-cv-457 |
| THE NORTH CAROLINA STATE BOARD OF ELECTIONS, DAMON CIRCOSTA, in his official capacity as CHAIR OF THE STATE BOARD OF ELECTIONS, STELLA ANDERSON, in her official capacity as SECRETARY OF THE STATE BOARD OF ELECTIONS, STACY EGGERS IV, in his official capacity as MEMBER OF THE STATE BOARD OF ELECTIONS, JEFF CARMON III, in his official capacity as MEMBER OF THE STATE BOARD OF ELECTIONS, TOMMY TUCKER, in his official capacity as MEMBER OF THE STATE BOARD OF ELECTIONS, and KAREN BRINSON BELL, in her official capacity as EXECUTIVE DIRECTOR OF THE STATE BOARD OF ELECTIONS, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| PHILIP E. BERGER, in his official capacity as PRESIDENT PRO TEMPORE OF THE NORTH CAROLINA SENATE, and TIMOTHY K. MOORE, in his | ) ) ) ) ) | |

official capacity as SPEAKER     )
OF THE NORTH CAROLINA HOUSE      )
OF REPRESENTATIVES,              )
                                 )
         Defendant-Intervenors.) 

## ORDER

This matter comes before the court on three motions. First, Plaintiffs' Consent Motion to Voluntarily Dismiss Count One of the Fourth Amended Complaint. (Doc. 234.) Second, Plaintiffs' Motion for Reconsideration of Dismissal of Count Two, or, in the Alternative, for Rule 54(b) Certification. (Doc. 229.) Third, Defendant-Intervenors' Phillip E. Berger and Timothy K. Moore's (together "Legislative Defendants") Motion to Dismiss Count Three of Plaintiffs' Fourth Amended Complaint. (Doc. 226.) For the reasons stated herein, this court will grant the motions to dismiss Counts One and Three, (Docs. 226, 234), and will deny Plaintiffs' motion for reconsideration. (Doc. 229).

I. **FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs The League of Women Voters of North Carolina and Democracy North Carolina (together "Organizational Plaintiffs") and Plaintiffs John P. Clark, Lelia Bentley, Regina Whitney Edwards, Robert K. Priddy II, Susan Schaffer, and Walter Hutchins (collectively "Individual Plaintiffs") originally brought this action in May 2020 in anticipation of the November

- 2 -

2020 general election. (Doc. 1.) They subsequently amended their complaint several times (Docs. 8, 30, 192, 208.) As a result, the operative pleading is the Fourth Amended Complaint, (Doc. 208), which asserts three claims: (1) a First Amendment claim, (2) a Fourteenth Amendment Due Process claim, and (3) a Voting Rights Act ("VRA") claim. (Doc. 208 ¶¶ 37–62.)

Legislative Defendants filed a motion to dismiss the Fourth Amended Complaint. (Doc. 209.) Defendants the North Carolina State Board of Elections ("State BoE"), Damon Circosta, Stella Anderson, Stacy Eggers IV, Jeff Carmon III, Tommy Tucker, and Karen Brinson Bell (together, "State Board Defendants") also moved to dismiss. (Doc. 211.) Plaintiffs filed a consolidated response in opposition to the motions to dismiss. (Doc. 216.) Legislative Defendants and State Board Defendants replied. (Docs. 218, 219.) After careful review, this court denied Defendants' motions to dismiss as to Count One and Three (the First Amendment claim and the VRA claim) and granted the motions to dismiss as to Count Two (the Fourteenth Amendment Due Process Claim). (Doc. 224.)

Following this court's order, Defendants filed a motion to dismiss Count Three of the Fourth Amended Complaint in light of the death of Plaintiff Walter Hutchins, (Doc. 226), the only Plaintiff with standing to bring the VRA claim. (See Doc. 224 at

- 3 -

Case 1:20-cv-00457-WO-JLW   Document 237   Filed 01/24/23   Page 3 of 10

34-37.) Plaintiffs also filed a motion for reconsideration asking the court to reconsider its order dismissing Count Two of the complaint or, in the alternative, for Rule 54(b) Certification. (Doc. 229 at 1.) Finally, Plaintiffs filed a consent motion to voluntarily dismiss Count One. (Doc. 234.)

## II. **PLAINTIFFS' CONSENT MOTION TO DISMISS COUNT ONE**

Plaintiffs have filed a consent motion to voluntarily dismiss Count One of the Fourth Amended Complaint. (Doc. 234.) Defendants consent to this motion so long as the dismissal is with prejudice. (Id. at 6.)

Rule 15(a) of the Federal Rules of Civil Procedure, provides that "leave [to amend] shall be freely given when justice so requires." Foman v. Davis, 371 U.S. 178, 182 (1962). The Fourth Circuit has consistently applied this standard under Rule 15(a) and granted leave when justice so requires. See Island Creek Coal Co. v. Lake Shore, Inc., 832 F.2d 274, 279 (4th Cir. 1987) (citing Foman, 371 U.S. 182). A motion to amend should be granted in the absence of a "declared reason such as undue delay, bad faith or dilatory motive . . . , repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . futility of amendment, etc." Transylvania Cnty. v. Lincoln Gen. Ins., No.

- 4 -

1:05cv282, 2006 WL 8455967, at *1 (W.D.N.C. Jan. 17, 2006) (quoting Foman, 371 U.S.) (internal quotation marks omitted).

Here, Plaintiffs seek to amend their Fourth Amended Complaint to dismiss Count One. (Doc. 234.) Defendants have consented to this dismissal so long as it is with prejudice. (Id. at 6.) Given Defendants' consent and the apparent lack of improper motives for filing the motion, this court sees no reason to prevent Plaintiffs from amending their Complaint to dismiss Count One. This court will grant Plaintiffs' motion and dismiss Count One with prejudice.

### III. **PLAINTIFFS' MOTION FOR RECONSIDERATION**

Plaintiffs have also filed a motion asking this court to reconsider its prior decision granting Defendants' motion to dismiss Count Two of the Fourth Amended Complaint or, in the alternative, for Rule 54(b) Certification so they may appeal this court's decision. (Doc. 229.) Defendants responded, (Docs. 231, 232), and Plaintiffs replied, (Doc. 233). This court will deny Plaintiffs' motion insofar as it seeks reconsideration of issues already decided by this court. This court will also deny Plaintiffs' request for Rule 54(b) Certification. As this Order disposes of all remaining counts from Plaintiffs' Fourth Amended Complaint, the parties will be free to appeal this court's decisions to the Fourth Circuit.

Courts in the Fourth Circuit have routinely looked to the standards governing the reconsideration of final judgments under Rule 59(e) when considering a motion for reconsideration of an interlocutory order under Rule 54(b). See Volumetrics Med. Imaging, LLC, v. Toshiba Am. Med. Sys., Inc., No. 1:05CV955, 2011 WL 6934696, at *2 (M.D.N.C. Dec. 30, 2011). A motion for reconsideration under Rule 54(b) is "appropriately granted only in narrow circumstances: (1) the discovery of new evidence, (2) an intervening development or change in the controlling law, or (3) the need to correct a clear error or prevent manifest injustice." Pender v. Bank of Am. Corp., No. 3:05-CV-238-MU, 2011 WL 62115, at *1 (W.D.N.C. Jan. 7, 2011). On the other hand, a motion to reconsider is improper where "it only asks the Court to rethink its prior decision, or presents a better or more compelling argument than the party could have presented in the original briefs on the matter." Hinton v. Henderson, No. 3:10cv505, 2011 WL 2142799, at *1 (W.D.N.C. May 31, 2011) (internal citations and quotation marks omitted); see also Directv, Inc. v. Hart, 366 F. Supp. 2d 315, 317 (E.D.N.C. 2004) (holding that a motion to reconsider is not proper when it "merely asks the court to rethink what the Court had already thought through — rightly or wrongly" (internal citations and

quotation marks omitted)). After careful consideration, this court finds the motion should be denied.

In its response to Defendants' motions to dismiss, Plaintiff argued that Count Two was ripe. (Doc. 216 at 30-33.) This court disagreed and dismissed Count Two after finding that Plaintiffs' claim was not "ripe for review." (Doc. 224 at 33.) In doing so, this court considered and addressed Plaintiffs' arguments regarding ripeness. (Doc. 224 at 30-33). In the instant motion, Plaintiffs again argue that Count Two was ripe. (Doc. 229 at 3-20.) This court finds that Plaintiffs are "merely ask[ing] the court to rethink what the Court ha[s] already thought through — rightly or wrongly." Directv, Inc., 366 F. Supp. 2d at 317.

This court is aware that Plaintiffs' motion also seeks, in the alternative, Rule 54(b) Certification to appeal the dismissal of Count Two. However, as this order dismisses all counts in Plaintiffs' Fourth Amended Complaint, the parties will be free to appeal this court's decisions to the Fourth Circuit without the need for certification. Therefore, this court will deny Plaintiffs' motion for reconsideration. (Doc. 229.)

IV. **DEFENDANT-INTERVENORS' MOTION TO DISMISS COUNT THREE**

Defendant-Intervenors have filed a motion asking this court to dismiss Count Three of the Fourth Amended Complaint due to

the death of Plaintiff Walter Hutchins. (Doc. 226.) Count Three sought declaratory and injunctive relief pursuant to Section 208 of the VRA, 52 U.S.C. § 10508. (Doc. 208 at 21-23.)

When Plaintiffs filed their Fourth Amended Complaint, Mr. Hutchins was blind and lived in a nursing home. (Doc. 208 at 7.) He sought the assistance of nursing home staff in requesting and completing a mail-in ballot. (Id.) This court held that Mr. Hutchins had standing to bring a Section 208 claim. (Doc. 224 at 36-37.) It went on to hold that Mr. Hutchins had sufficiently alleged that the North Carolina laws at issue violated Section 208 of the VRA. (Id. at 41-42.) On that basis, Defendants' motions to dismiss Count Three of the Fourth Amended Complaint were denied. (Id. at 41-44.)

After the court issued its Memorandum Opinion and Order, Plaintiffs notified the court of Mr. Hutchins' death. (See Doc. 225.) Defendants then filed the instant motion to dismiss Count Three of the Fourth Amended Complaint. (Doc. 226.) Plaintiffs do not oppose this motion. (Id. at 2-3.)

"'[I]t is axiomatic' that 'a deceased litigant' cannot enjoy prospective injunctive relief." Wicomico Nursing Home v. Padilla, 910 F.3d 739, 749 (4th Cir. 2018). As Mr. Hutchins was the only Plaintiff with standing to bring a Section 208 claim,

- 8 -

Case 1:20-cv-00457-WO-JLW   Document 237   Filed 01/24/23   Page 8 of 10

(see Doc. 224 at 34–37), this court agrees with Defendants that Mr. Hutchins death renders Plaintiffs' Section 208 claim moot.

Additionally, Mr. Hutchins' claim does not survive his death. Section 208 does not specify whether claims brought under it survive the death of the plaintiff. See 58 U.S.C. § 10508. When a federal statute "does not provide for survival of claims, we consult the law of the forum state. . . ." Brown v. Town of Cary, 706 F.3d 294, 299 (4th Cir. 2013). In North Carolina, a cause of action does not survive "where the relief sought could not be enjoyed, or granting it would be nugatory after death." N.C. Gen. Stat. § 28A-18-1. Here, the injunctive relief sought was specific to Mr. Hutchins and he is sadly no longer able to enjoy it. Therefore, this court will grant Defendants' motion to dismiss Count Three of the Fourth Amended Complaint.

## V. CONCLUSION

For the reasons stated herein,

**IT IS HEREBY ORDERED** that Plaintiffs' Consent Motion to Voluntarily Dismiss First Cause of Action, (Doc. 234), is **GRANTED**. Count One is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Reconsideration of Dismissal of Count Two or, in the Alternative, for Rule 54(b) Certification, (Doc. 229), is **DENIED**.

- 9 -

Case 1:20-cv-00457-WO-JLW   Document 237   Filed 01/24/23   Page 9 of 10

**IT IS FURTHER ORDERED** that Defendant-Intervenors' Motion to Dismiss Count Three, (Doc. 226), is **GRANTED**. Count Three is **DISMISSED WITH PREJUDICE.**

This the 24th day of January, 2023.

_____
United States District Judge