# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| DEMOCRACY NORTH CAROLINA, THE LEAGUE OF WOMEN VOTERS OF NORTH CAROLINA, DONNA PERMAR, JOHN P. CLARK, MARGARET B. CATES, LELIA BENTLEY, REGINA WHITNEY EDWARDS, ROBERT K. PRIDDY II, WALTER HUTCHINS, AND SUSAN SCHAFFER,<br><br>*Plaintiffs,*<br><br>vs.<br><br>THE NORTH CAROLINA STATE BOARD OF ELECTIONS; DAMON CIRCOSTA, in his official capacity as CHAIR OF THE STATE BOARD OF ELECTIONS; STELLA ANDERSON, in her official capacity as SECRETARY OF THE STATE BOARD OF ELECTIONS; KEN RAYMOND, in his official capacity as MEMBER OF THE STATE BOARD OF ELECTIONS; JEFF CARMON III, in his official capacity as MEMBER OF THE STATE BOARD OF ELECTIONS; DAVID C. BLACK, in his official capacity as MEMBER OF THE STATE BOARD OF ELECTIONS; KAREN BRINSON BELL, in her official capacity as EXECUTIVE DIRECTOR OF THE STATE BOARD OF ELECTIONS; THE NORTH CAROLINA DEPARTMENT OF TRANSPORTATION; J. ERIC BOYETTE, in his official capacity as TRANSPORTATION SECRETARY; THE NORTH CAROLINA DEPARTMENT OF HEALTH AND HUMAN SERVICES; MANDY COHEN, in her official capacity as SECRETARY OF HEALTH AND HUMAN SERVICES, | Civil Action No. 20-cv-457<br><br>**PLAINTIFFS' OBJECTION TO COURT'S PROPOSED JUDGMENT** |

1

*Defendants,*

PHILIP E. BERGER, in his official capacity as PRESIDENT PRO TEMPORE OF THE NORTH CAROLINA SENATE; TIMOTHY K. MOORE, in his official capacity as SPEAKER OF THE NORTH CAROLINA HOUSE OF REPRESENTATIVES,

*Defendant-Intervenors.*

Plaintiffs Democracy North Carolina, The League of Women Voters of North Carolina, John P. Clark, Lelia Bentley, Regina Whitney Edwards, Robert K. Priddy II, and Susan Schaffer respectfully object in part to the Court's proposed judgment and order to dismiss the Fourth Amended Complaint with prejudice. Specifically, Plaintiffs respectfully object to the Court's proposed dismissal of Plaintiffs' Count Two *with* prejudice because applicable law and this Court's prior ruling require this claim to be dismissed *without* prejudice.

The Court has ruled that Plaintiffs' Count Two, the due process claim, is unripe. Doc. 224 at 33 ("Because there is a sufficient cure procedure currently in place in North Carolina, this court finds any injury to Plaintiffs is not

2

ripe for review."); *see also* Doc. 237 at 7 (Order on Motion to Reconsider confirming this holding).

The Court therefore lacks subject matter jurisdiction over this claim since, "[a]s with standing, ripeness is a question of subject matter jurisdiction." *South Carolina v. United States*, 912 F.3d 720, 730 (4th Cir. 2019). If a "claim is not ripe," then "no case or controversy presently exists, and the district court [i]s without subject matter jurisdiction over that claim." *Greenspring Racquet Club, Inc. v. Baltimore Cnty.*, No. 99-2444, No. 00-1012, 2000 U.S. App. LEXIS 27207, at *12 (4th Cir. 2000) (per curiam) (unpublished).

As a result, dismissal as unripe is not a failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), but rather a dismissal "under Federal Rule of Civil Procedure 12(b)(1), governing the dismissal of claims for lack of subject matter jurisdiction." *Id.* And when the court dismisses a claim for being unripe, "it [i]s precluded from dismissing that claim on the merits with prejudice." *Id.* at *13. This is in accord with recent holdings that "'dismissal for lack of standing—or any other defect in subject matter

3

jurisdiction—must be one without prejudice, because a court that lacks jurisdiction has no power to adjudicate and dispose of a claim on the merits.'" *Goldman v. Brink*, 41 F.4th 366, 369 (4th Cir. 2022) (quoting *S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 185 (4th Cir. 2013)); *Ali v. Hogan*, 26 F.4th 587, 600 (4th Cir. 2022) (modifying judgment on appeal to be dismissal without prejudice after finding lack of subject matter jurisdiction); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").

Additionally, a dismissal without prejudice is required for consistency with this Court's prior determination that "[s]hould the BoE rescind the cure procedure, Plaintiffs may bring suit to enforce their procedural due process rights." Doc. 224 at 32.

Accordingly, to bring its judgment into compliance with U.S. Court of Appeals for the Fourth Circuit precedents, this

4

Court must amend the proposed judgment and order to dismiss Count Two without prejudice.

Dated: March 8, 2023. Respectfully submitted,

/s/ *Hilary Harris Klein*
Hilary H. Klein (State Bar #53711)
Jeffrey Loperfido (State Bar #52939)
SOUTHERN COALITION FOR SOCIAL JUSTICE
1415 West Highway 54
Suite 101
Durham, NC 27707
Telephone: 919-323-3380
Facsimile: 919-323-3942
jeff@southerncoalition.org
hilaryhklein@scsj.org

/s/ *Jon Sherman*
Jon Sherman
D.C. Bar No. 998271
Michelle Kanter Cohen
D.C. Bar No. 989164
FAIR ELECTIONS CENTER
1825 K St. NW, Ste. 450
Washington, D.C. 20006
Telephone: (202) 331-0114
jsherman@fairelectionscenter.org
mkantercohen@fairelectionscenter.org

/s/ *George P. Varghese*
George P. Varghese
Stephanie Lin
Rebecca Lee

WILMER CUTLER PICKERING HALE AND DORR LLP

60 State Street
Boston, MA 02109
Telephone: (617) 526-6000

5

Facsimile: (617) 526-5000
Email:
george.varghese@wilmerhale.com
stephanie.lin@wilmerhale.com
rebecca.lee@wilmerhale.com

*Counsel for Plaintiffs*

**WORD CERTIFICATION**

Pursuant to Local Rule 7.3(d)(1), the undersigned certifies that the word count for the above Plaintiffs' Objection to Court's Proposed Judgment is 501 words. The word count excludes the case caption, signature lines, cover page, and required certificates of counsel. In making this certification, the undersigned has relied upon the word count of Microsoft Word, which was used to prepare the brief.

*/s/ Hilary Harris Klein*
Hilary Harris Klein